### IRBY *vs.* LAWSHE.

[This case was argued at the last term, and the decision reserved.]

1. Where, by contract, one party had the exclusive right to sell property of another on terms specified, and was to receive a certain compensation therefor, a subsequent change in the contract whereby the owner was *also* allowed the privilege of selling, provided the agent should receive the same compensation as before, was not a sale of the agent's chances of selling, and a charge to that effect was error. The agent simply parted with his exclusive power.

2. The question in issue was whether property was sold by a p⸳incipal within the time covered by an agreement with an agent, to the effect that the latter should have the right to sell and receive a specified compensation therefor; or if the principal sold, the agent was still to receive the compensation:

*Held*, that it was error to charge that if the principal omitted efforts to sell, the agent's right would continue until the principal did sell, and the agent would be entitled to recover as if the sale had been made within the time in question.

JACKSON, Justice, dissented.

Contracts. Principal and agent. Charge of Court. Before Judge HILLYER. Fulton Superior Court. March Term, 1878.

Lawshe sued Irby, alleging that Irby employed him to sell the "Glade Mine," in Hall county, Ga., in May, 1876, agreeing to allow him as compensation, all he received over $40,000.00, and afterwards, in July, the contract was changed so as to allow him all he could get over $30,000.00. He alleged that he made various efforts to sell under this contract; that in February, 1877, being about to sell for

$30,000.00 and a 1-20 interest to be allowed him by the purchaser, he saw Irby and insisted on being allowed something out of the $30,000.00 in addition to the 1-20 interest he was to get from the purchaser; that Irby agreed to allow him to use the $20,000.00 arising from the sale until January 1st, 1878, or a discount on the same at the rate of 7 per cent., in case he paid the cash, being an allowance of $1,400.00 in money, and 1-20th interest in the property; that Irby executed a written agreement to allow him to make the sale at that price, and bound himself not to interfere for sixty days; that shortly afterwards Irby came to him and asked him to withdraw his proposition of sale, and promised if he (Irby) sold Lawshe should have the same he was to get under the contract, being $1,400.00 and a 1-20th interest in the $30,000.00, equal to $1,500.00, making in all $2,900.00; that he (Lawshe) agreed to the request, of which Irby had notice; that Irby sold said property, and refused to pay him the said sum of $2,900.00, for which cause he brings his action.

There was also a *quantum meruit* count in the declaration.

The defendant pleaded the general issue. He also set up various parol contracts for the sale of the mines, alleging that plaintiff's compensation was entirely conditional upon the sale being made by him. In addition, he alleged that the sixty days contract was in writing, and was entered into the 8th of February, 1877; that after plaintiff informed defendant that he had failed to sell the mine, defendant proposed to him that if he would abandon all further efforts to sell, he thought he could sell for $40,-000.00, and if he could sell for that he would give him the interest on the last payment, and that Lawshe agreed to it, and agreed to make no further effort to sell, stating that he supposed half would be paid down and that the last payment would be about $20,000.00, which would satisfy him; that Lawshe did not comply with this agreement, but continued his efforts to sell, whereupon defendant ceased and made no further efforts to sell until after the expiration of

the sixty days specified in the writing, but referred all applicants to plaintiff; that after the expiration of the sixty days, in May, 1877, defendant sold the mine to A. G. Jennings for $20,000.00, and at the same time sold said Jennings another mine for $10,000.00; that $10,000.00 was paid down cash on these two mines, and notes given for the balance; that defendant never violated his contract with plaintiff, but acted in perfect good faith, etc.

As to the main facts, the evidence was conflicting.

On the trial the jury found for the plaintiff $1,400.00 principal and $96.07 interest. Defendant moved for a new trial, which was refused, and he excepted.

The following is an abstract of those parts of the charge which seem pertinent to the questions decided : (After a general statement of the case, a charge that the onus of proof was on the plaintiff, that the jury should look to the entire transaction, and that the written contract is presumed to include the result of all the previous negotiations), "And in determining their rights, the chief point for your investigation will be the written contract. You will look at the proof, see what modification of the rights of the parties was made by the subsequent verbal agreement. The general rule is, that a bare contingency or possibility cannot be the subject of sale, unless there existed a then present right in the person selling to a further benefit. Under the written agreement in question, Lawshe had a then present interest in the chances of disposing of the mine before the sixty days expired, such as could be the subject of a valid sale, and if Irby bought him out, the contract of purchase would be a legal and valid one, and Irby would become liable to Lawshe for whatever he agreed to pay. But the price to be paid must be such as was either expressly stated in amount, or capable of being ascertained in amount by fixed data.

      \*      \*      \*      \*      \*      \*

"If the agreement was, that Irby was to pay 7 per cent. on $20,000.00, and it was merely mentioned that Lawshe had never offered to sell unless reserving 1-20th unas-

sessable interest to himself, and although never so confident as at that time that he could have got that price, the 7 per cent. on twenty thousand dollars only, and without the 1-20th interest, would be the measure of the price Irby would have to become chargeable with," etc. (Converse hypothesis stated.)

\* \* \* \* \* \* \* \* \* \*

"Irby says that, according to the agreement, he was to pay Lawshe only on condition that he, Irby, sold the mine within sixty days. Lawshe says that no time was specified, but that the agreement was indefinite in this respect, and that his rights continued after the end of the sixty days. Here is another issue of fact, upon which you will pass between the parties, and if you find that the agreement was limited to sixty days, and that Irby used ordinary diligence to make a sale within sixty days and failed to sell, Lawshe could not recover. But in such case it would be the duty of Irby to use such ordinary diligence in effecting a sale, and if he did not use ordinary diligence, or if he intentionally or purposely, and without sufficient excuse, omitted to sell, or if Lawshe's rights were not limited to sixty days, or if Irby omitted efforts to sell, then Lawshe's rights would continue until Irby did sell, and Lawshe would be entitled to recover as if the sale had been effected within the time in question."

The other facts of this case will be found in the decision.

D. F. & W. R. HAMMOND, for plaintiff in error.

HOKE SMITH, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that Lawshe sued Irby to recover the sum of $2,900.00 which he alleged the defendant owed him under a contract in relation to the sale of the Glade gold mine, in the county of Hall, which was

the property of defendant. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $1,400.00 principal, and $96.07 for interest. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

The plaintiff offered in evidence the following written contract, dated 8th of February, 1877:

"STATE OF GEORGIA, FULTON COUNTY:

"This agreement, made and entered into between Henry Irby, of the first part, and Er Lawshe, of the second part, witnesseth, that for and in consideration of the sum of one dollar to me in hand paid, at and before the signing of this agreement, the consideration being that the party of the first part agrees to give to Er Lawshe, party of the second part, full control and right to sell the property known as the Glade Mines, etc., comprising two thousand acres, more or less, being in the county of Hall, state of Georgia, to have and to hold said right for the space of sixty days from this date, with full control and right, not to be disturbed by myself or any other person. The price for said property shall be the sum of ten thousand dollars cash down in hand, and twenty thousand dollars to be paid on or before January 1st, 1878, without interest; or a discount of seven per cent. of the twenty thousand, if paid cash down; the property to include all *real estate* of said Glade, being two thousand acres, more or less, of what is known as the Lombard property, as well as the Irby property. At the expiration of sixty days from this date, this article to be void.

"Witness:          [Signed]          HENRY ⋈ IRBY."
                                              his
W. L. BANKS."                                 mark.

The evidence in the case is conflicting as to whether the defendant sold the gold mine before or after the time agreed on by the parties, the plaintiff insisting that the sale was made by the defendant before, and the defendant insisting that it was not made until afterwards. It appears from the evidence of the plaintiff, that on the 3rd of March, 1877, a verbal contract was made between the parties by which he consented that defendant might sell the gold mine if he could do so within the time specified in the agreement, and, if defendant sold, that plaintiff was to get the same as if he, the plaintiff, had sold it; that by this verbal contract of the 3rd of March the written contract was extended, but

to what time it was extended—whether beyond the sixty days or not—there is no evidence in the record, and there is no allegation in the plaintiff's declaration as to what time the written contract was extended, and no allegation that the defendant sold the gold mine within that time, whatever it may have been.

1. The court charged the jury, amongst other things, "that under the written agreement in question, Lawshe had a then present interest in the chances of disposing of the mine before the sixty days expired, and such as could be the subject of a valid sale, and if Irby bought him out, the contract of purchase would be a legal and valid one, and Irby would become liable to Lawshe for whatever he agreed to pay." This charge was error, because it treats the transaction as a sale of Lawshe's interest, whereas, he retained his interest, whatever it was, and parted with nothing but his exclusive power. The parol contract of March was a modification of the previous written contract, not the sale of chances. All the rights and interest of the plaintiff which would entitle him to recover were based on the agreement with the defendant.

2. The court also charged the jury, " that if Irby omitted efforts to sell, then Lawshe's rights would continue until Irby did sell, and Lawshe would be entitled to recover as if the sale had been effected within the time in question." In view of the evidence in the record, this charge of the court was error. The controlling question in the case was whether the sale of the gold mine was made by the defendant within the time as stipulated by the agreement of the parties, so as to entitle the plaintiff to the compensation which he claims. Within what time was the sale to have been made by the defendant under the agreement of the parties, to entitle the plaintiff to recover? Was it to have been made within sixty days as specified in the written agreement, or was the time extended by the parol agreement made on the 3rd of March, 1877? and, if so, to what time was it extended? The time within which it was to have been sold, under the

agreement of the parties, is not alleged in the plaintiff's declaration, nor does it appear from the evidence in the record, if indeed it was extended beyond the sixty days as specified in the written agreement. It was incumbent on the plaintiff to allege and prove such facts as would, under the law, entitle him to recover. In view of the evidence, and the rulings of the court hereinbefore adverted to, the ends of justice require that a new trial should be granted, and it is so ordered. Let the judgment of the court below be reversed.

BLECKLEY, Justice, concurred, but furnished no written opinion.

JACKSON, Justice, dissenting.

I think that the charge of the court, which is set out in full in the record and report of the case, presented the issues in this case fairly and fully to the jury; that the evidence was conflicting, and the jury has passed upon it, and there is enough to support the verdict.

Lawshe had such an interest in the land that Irby could not sell it so as to destroy that interest without an equivalent or arrangement with Lawshe, and when he had an opportunity to sell himself, it was his duty to arrange with Lawshe to do so. Whether the interest which Lawshe had be called an interest with power to sell, or by any other name, is wholly immaterial. It was valuable to Lawshe and he had worked under it, and Irby could not deprive him of it except by his consent. That consent was necessary to enable Irby to sell himself, and therefore was a valuable consideration to support the supplemental verbal contract which allowed Irby to sell for a consideration, to-wit, the payment of a certain per cent. to Lawshe. Whether or not there was such a verbal contract, and whether or not it was confined to the sixty days of Lawshe's right to sell, or extended indefinitely, were questions for the jury, and were, in my opinion, given fairly and legally to the jury in the charge.

If the time was not extended, and Irby, after telling Lawshe that he had opportunity to sell, and inducing him to believe that he would sell within the sixty days, omitted to do so, with intent thereby to deceive Lawshe, putting off the consummation of the trade until after sixty days, to deprive Lawshe of his per cent. agreed upon, such conduct would operate as a fraud upon Lawshe, and he would still be entitled to the per cent., the sale being made to the man to whom Irby had told Lawshe he could sell when he made the supplemental verbal contract. Such is the effect of the charge in the motion for new trial, construed in connection with the context set out in the charge in full, and, so construed, I fail to see error in it.

Taken altogether, the charge seems to me to be a clear and complete presentation of the issues to the jury in language suited to their comprehension, and as free from error as the proper presentation of such a case could reasonably be made.

The credibility of the witnesses and the weight of the evidence are matters for the jury; which they are more competent to pass upon from their acquaintance with the parties and witnesses, and their appearance and mode of testifying, than I am, and when the only other tribunal with which the law invests the power to pass upon the evidence in review, to–wit, the judge who presided at the trial, and who also saw the witnesses and their manner of testifying, is also satisfied with the verdict, it seems to me that the verdict ought to stand. Therefore I dissent from the judgment of reversal.

