MacNEILL, treasurer, *v.* McELROY.

No. 13903. OCTOBER 16, 1941.

*Spalding, Sibley, Troutman & Brock, E. Harold Sheats,* and
*W. S. Northcutt,* for plaintiff in error.

*Philip Etheridge,* contra.

BELL, Justice. The exception is to a judgment granting a mandamus absolute, requiring the treasurer of Fulton County to pay to the plaintiff, as executrix, a stated sum as a balance of salary alleged to have been due to the testator as assistant probation officer, at the time of his death. The case was submitted on the pleadings and an agreed statement to Judge A. L. Etheridge, of the superior court, who delivered the following opinion:

"On the 13th day of June, 1941, Mrs. J. M. McElroy, as executrix of the estate of J. M. McElroy, filed in this court her petition for mandamus nisi, praying that it be made absolute, against Mrs. Mabel Abbott MacNeill, as treasurer of Fulton County, requiring her as treasurer to pay plaintiff the sum of $1987.50, together with interest thereon from the date of demand, to wit: December 4,

1940. The case is here for decision on the petition, answer, and stipulation of counsel, which set forth facts as follows: On January 1, 1926, J. M. McElroy was, by the judges of the superior court of the Atlanta Judicial Circuit, appointed assistant probation officer, and his salary was then fixed by the judges at $150 per month. Thereafter, on December 30, 1930, the judges fixed his salary at $250 per month, beginning January 1, 1931. Between January 1, 1926, and January 1, 1931, J. M. McElroy received as salary from the county treasurer under authorization by the county commissioners, who acted without direction of the court, the sum of $4480 in excess of the sum ordered paid him as salary by the judges of the superior court. Between January 1, 1931, and April 1, 1934, J. M. McElroy received as salary $1987.50 less than the salary fixed by the judges for such period, the underpayments being occasioned without order of court but by order of the county commissioners. Effective April 1, 1934, the judges of the superior court passed an order fixing McElroy's salary at $175 per month, and such salary continued until his death in July, 1940. All overpayments by Fulton County were made prior to January 1, 1931, and no underpayments were made subsequent to April 1, 1934.

"The defendant filed a set-off against plaintiff's claim, the sums sought to be set off consisting of voluntary overpayments not ordered by the court but ordered by the county commissioners, and paid by defendant as salary to McElroy more than four years before his death. But for the set-off, it is conceded that plaintiff should prevail, as all legal questions raised by the record, save as to the set-off, have already been decided adversely to the defendant by the Supreme Court (*Freeney* v. *Pape,* 185 *Ga.* 1).

"Is the defendant's plea of set-off barred by the statute of limitations? Unless otherwise provided by law, actions and set-offs by the county, to be within the statute of limitations, must be asserted within four years from the accrual of the right of action. Code, §§ 3-708, 3-711, 3-715. On authority of *Cook* v. *Commissioners,* 62 *Ga.* 224, the defendant contends that there is an exception to this rule, in that the statute does not begin to run against a county's claim upon a public officer until he ceases to be an officer. Upon examination of the *Cook* case, supra, we find that Cook, a former sheriff of Houston County, was sued by the

county to recover moneys that Cook, as sheriff, had illegally and on false and fraudulent accounts and vouchers drawn from the county treasurer, most of the payments having been made to him within less than but some more than four years before suit was commenced. After stating that generally an action by the county must be brought within four years, the court (62 *Ga.* 227) says: 'Yet where a sheriff while in office, as such, draws divers sums of money at different times from the treasurer of the county on false and fraudulent accounts and vouchers for insolvent costs claimed as due him and for official services claimed to have been rendered, some of the payments having been made to him within less than, and others more than, four years before suit was commenced, the statute of limitations does not commence to run in favor of the sheriff during his continuance in office.' And on page 233 of the opinion the court further says: 'Our ruling upon the statute of limitations in this case stands upon ground of public policy as well as upon the peculiar relation that the sheriff, as such, sustained toward the county while he was, by color of his office, making himself the creditor of the county and thus getting possession of its funds.' The *Cook* case has been cited by our appellate courts only two or three times, and distinguished.

"In *Swords* v. *Walker,* 141 *Ga.* 450, 456, certain taxpayers sought a mandamus to compel the county commissioners to bring action to recover moneys alleged to have been illegally paid out more than four years prior to the mandamus action. The plea of the statute of limitations was sustained; and the Supreme Court, after citing the *Cook* case, said that this case did not fall within the exception. The court pointed out that none of the persons against whom the action was sought were guilty of any actual fraud or concealment, and did nothing to deter the county from bringing its action, and that [what] was done by the commissioners was open and public. The *Cook* case was cited and distinguished in *McAlpin* v. *Chatham County,* 26 *Ga. App.* 695, in the opinion written by that very able judge, now Mr. Justice Jenkins, of the Supreme Court, wherein it was held that the county could not recover from the county ordinary excessive charges collected by him where they were made in good faith and in accordance with long-continued practice by him and his predecessor in office, where such charges occurred more than four years from

the beginning of the action. The *McAlpin* case was distinguished on the view that [the *Cook* case] was the exception to the general rule and expressly confined to the facts of that case, where it was shown that the officer was not only guilty of intentional breach of public duty, but that the moneys were obtained by false and fraudulent accounts.

"Though the *Cook* case was not cited, the statute of limitations was involved in *Freeney* v. *Pape*, 185 *Ga.* 1, headnote 8, where the court said that although the items pled by the defendant might be barred by the four-year statute of limitations, yet, since such was personal to the officer, it could not be taken advantage of by the plaintiff in that case. In *Moseley* v. *Garrett*, 182 *Ga.* 810 (187 S. E. 20), where the solicitor-general was suing to recover the amount of salary that had been illegally reduced, the ordinary contended that the plaintiff should account for alleged excessive salary paid him more than four years before the action was brought. The court stated that the amount so paid him was legal, and that any claim of the county for such overpayment was plainly barred by the statute of limitations.

"I think the facts in the instant case clearly placed it within the four-year limitation rule, and do not bring it within the exception ruled in the *Cook* case. In the instant case the payments made by the county were voluntary, open and in good faith, and without misrepresentation or fraud either on the part of McElroy or any one else. The payments collected by McElroy were not, as in the *Cook* case, withdrawn from moneys collected by him as a public officer and illegally retained by him, but were received by him from appropriations officially made and paid by county officers. The *Cook* case is also different because, in that case, the question of public policy was peculiarly involved, as pointed out in the opinion of the court.

"Some outside authorities on the subject may be found in Board of County Commissioners *v.* Willett, 49 Okla. 254 (152 Pac. 365, L. R. A. 1916E, 92), and cit. Also, see 34 American Jurisprudence, 310, § 396."

The foregoing opinion by Judge Etheridge not only sufficiently states the facts of the case, but it contains what we deem to be a correct statement of the applicable law; and we adopt it as the

opinion of this court. Headnotes have been prepared to correspond, but nothing else may usefully be added.

*Judgment affirmed. All the Justices concur.*