Ruffin C. J.
 

 This cause was before the Court for hearing at December term 1849, and is reported 6 Ired. Eq. 463. The Clerk made his report to the present Term on the enquiries then ordered, and therein fnids the proceeds of the sale of all the effects conveyed in the deed of trust, made by Pittman to the defendant, amounted to 02445,17 and that thereout the defendant paid to the sheriff the sum of $860,94, in satisfaction of the debt and costs due on executions, having a lien on the property at the time the deed was made, leaving a balance of $1584,23 applicable to the debts secured in the deed of trust. Besides that sum the Clerk charges the defendant with the sum of $193,21, under the following circumstances : Pittman ■ had a demand on one Hudson, which he transferred to the defendant as a
 
 *63
 
 security for the defendant’s liabilities for him, but at what time does not appear. The defendant instituted suit thereon in the name of Pittman on the 30th of June, 1843, and recovered judgment thereon in April, 1846, for $225,28, besides costs, and afterwards received the same. From that sum the Clerk deducted interest from the time of the defendant’s sale, which was in April, 1843, which left the nett proceeds oí the judgment, as of April, 1843, the above ■sum of 0193,21; with which the defendant is charged as • a part of the trust fund, so as to make the aggregate of $1777,40. On that sum an allowance of 2 1-2 per cent, is made for commissions, leaving the nett amount, applicable to the debts in the deed, $1733, on the 17th of April, 1843, ■and the debts are reported to have been $2936,13, on that day.
 

 Both of the parties except' to the rate of the commissions. The plaintiff also excepts to any commisson on the sums • applicable to the debts for which the defendant was liable as surety; ■ and the defendant further excepts, for the omission to allow .commissions on the sums paid to the sheriff ■on the executions. The Court sees no error in either of the points thus excepted to. It was for the defendant’s own advantage, that he made the sale, instead of the,sheriff, for the satisfaction of the executions ;-.and there is no reason, why, by doing so, he should subject the fund to a double commission, one to the sheriff and one to himself, .on that amount. The Clerk has not allowed the defendant commissions on his debt, as a disbursement, but'only on the balance of the amount of sales : and the plaintiff has no reason to complain of that, as some one ought to be com•.pensated for the .trouble and responsibility of making the sales and receiving the money, and the rate allowed by the Master, is that given by law to sheriffs for similar services. Therefore, the first exception oí. each party is overruled.
 

 
 *64
 
 The defendant further excepts to the charge of $193,21, for the proceeds of the judgment against Hudson; and the plaintiff excepts because that charge is not $435, instead of $193,21. It may be remarked, in the first place, that the plaintiff’s exception proceeds on a mistake as to the debt of Hudson. The recovery was only $225,28, and the residue of the $445, was for the plaintiff’s costs in that suit, and, of course, would not be chargeable to the defendant in this account, as they only reimbursed his outlays in the prosecution of the suit, and the defendant has no credit for those expenditures. But that is not material, as the Court holds that the plaintiff is not entitled to any part of the sum received from Hudson. These parties were not co-sureties for any one of the debts, and the only connexion is, that one deed of trust for certain property was given as security for separate debts to them respectively. There was therefore, nothing in law or conscience to prevent either of them from obtaining from the debtor at any time a separate or further indemnity against loss to himself. If, indeed, the defendant had got such a security to the full amount of his liabilities, equity would have required him to resort to that, and leave the other for the plaintiff’s benefit. But, after the application of the defendant’s share of the sales under the deed of trust and the whole of the Hudson money, a considerable balance remains due to him ; and certainly he is not bound to communicate to the plaintiff the benefit" of his separate security, in a way to defeat himself of any part of his demand. In this case, indeed, it does not appear, that the claim on Hudson was assigned to the defendant, until after the sales had been made under the deed of trust and the loss ascertained. But it is rather so to be inferred from the facts, as far as they can be
 
 seen;
 
 and, if so, it was entirely competent to each party, even if they had been originally co.sureties, to provide* in any way
 
 *65
 
 he could, for his separate satisfaction or security, since, after the loss, each surety is a separate creditor for the amount paid by him out of his own funds. These parties, however, did not stand in that relation, but were separate creditors or sureties from the beginning, and the one was not bound in any degree to take care of the other. Therefore, the plaintiff’s second exception is overruled, and that of the defendant allowed; and it is referred to the Clerk to compute the sum due to the plaintiff, upon the basis of his former report, corrected as now pointed out.
 

 Although the defendant, as trustee, would not generally be chargeable with costs, yet in this case the controversy arose entirely upon a question as to his own personal interests under the deed, and, as the result of that is against him, he must, according to the general rule, pay the costs.
 

 Per Curiam. Ordered accordingly.