W. H. WILLARD *v.* F. J. SATCHWELL, Sheriff, &c.

Whenever a Sheriff into whose hands an execution is placed, levies the same and advertises a sale, he becomes entitled to his commissions. And if the plaintiff in the execution, receives the amount from the debtor, and orders the same to be returned unexecuted. he makes himself liable for the Sheriff's fees.

(*Dibble* v. *Aycock,* 5 Jones Eq. 399; *Mattock* v. *Gray,* 4 Hawks, 1; *Kincaid* v. *Smith,* 13 Ired. 496, cited and approved.)

CIVIL ACTION, commenced in the court of a Justice of the Peace, and tried at the Fall Term, 1873, of the Superior Court of BEAUFORT county, before his Honor, *Moore, J.*

An execution had issued from the Supreme Court against the plaintiff in this action, Willard, and came regularly into the hands of the present defendant, who was sheriff of Beaufort county. The sheriff levied the same on the real estate of Willard, and advertised it for sale. A short time before the sale Willard pays the judgment to the Clerk of the Supreme Court, who recalled the execution. The sheriff refused to return the execution unless Willard would pay his commissions. This, Willard refused to do until the sheriff threatened to sell, when he paid the commissions under protest, and brought this action to recover the amount so paid.

The defendant here, the sheriff, insists that he is lawfully entitled to the commissions, after having levied on the property and advertised it.

There was a judgment against the defendant in the Court below, and he appealed.

*Battle & Son,* for appellant.
*Warren & Carter,* contra.

BYNUM, J.   An execution was issued from the Supreme Court to the sheriff of Beaufort, and by him levied upon the land of Willard, the defendant in the execution.   After the levy and shortly before the sale, the defendant in the execution paid the execution debt into the Clerk's office, and thereupon the Clerk, as the case states, " recalled" the execution.   The sheriff threatened to sell unless the defendant would pay his commissions on the debt, which he did under protest, and brought this action to recover the sum thus paid.

The Clerk had no power to recall the execution, and the sheriff had the right to obey the exigency of the writ in his hand, and to sell as well for the debt as his commissions. Having satisfied the debt, the remedy of the defendant formerly would have been by *audita querala,* and now, by motion, in the cause.   1 Toml. L .D. 130 ; Raymond 439, 3 Bl. 406.

.Where a levy is made and the plaintiff in the execution recovers the debt and orders the return of the execution unexeted, he makes himself liable for the sheriff's fees, and if the defendant, by his act, prevents a sale, after levy, the law will consider the writ as if executed and the officer will be entitled to his commissions from the defendant.   Such seems to be the principle established by the decisions.   In *Dibble* v. *Aycock,* 5 Jones Eq. 699, the sheriff had made a levy and was prevented from selling by injunction, pending which $7000 was paid into office.   It was held, that he was entitled to commissions on that sum, because it was paid while the precept was in his

hands, and after a levy.   To a similar purpose are *Mattock* v. *Gray*, 4 Hawks 1, and *Kincaid* v. *Smith*, 13 Ired. 496.

Both law and good morals concur here, as it appears to be an evasion to deprive the officer of his legal fees.

There is error.   Judgment reversed.

PER CURIAM..                              *Venire de novo.*