JAMES T. DAWSON, Sheriff v. GEORGE W. GRAFFLIN.

*Sheriff's Fees and Commissions.*

By the provisions of chapter 105, section 21 (12) of Battle's Revisal, a sheriff is entitled to commissions only on moneys actually collected by

DAWSON *v.* GRAFFLIN.

himself under execution, and not where the same is paid the plaintiff by defendant after levy. (The statutory law regulating the subject discussed by DILLARD, J.)

(*Matlock* v. *Gray*, 4 Hawks, 1, cited and approved, and *Willard* v. *Satchwell*, 70 N. C., 268, commented on.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at November Special Term, 1880, of HALIFAX Superior Court, before *Graves, J.*

The case was submitted to the judgment of the superior court upon a state of facts in substance as follows: Three writs of *fieri facias* were duly issued on the 4th day of December, 1878, in each of which R. H. Smith was a party defendant, and on the 7th of the month next after, the plaintiff as sheriff levied the same on the "river plantation" of said Smith, and notified him thereof. Thereupon, and before advertisement of sale, the several execution creditors instructed the sheriff not to proceed to sell until so directed by the defendant Grafflin's attorney. Grafflin purchased of Smith the land levied on and received a deed in fee from him, on the day the executions were issued, subject to a mortgage thereon in favor of Elliot Brothers, and also to the judgment liens then existing in favor of said execution creditors. Afterwards, on the 14th of January, 1879, the execution creditors transferred their executions and the judgments on which they were founded to the defendant, who had the plaintiff to return the execution to the clerk's office, "indulged." The lands levied on are admitted to be valuable and worth enough to have paid all the executions. The legal fees due to plaintiff for his levies and notice thereof were three dollars and thirty cents, and the commissions on the amount of the executions were ninety-one dollars; and for the aggregate of said sums it is admitted demand was made on defendant; and upon his refusal to pay the same this action was brought.

Upon the facts agreed as above, the court held that plaintiff was entitled to judgment and the defendant appealed.

*Messrs. Kitchin & Dunn*, for plaintiff.
*Mr. Thomas N. Hill*, for defendant.

DILLARD, J.   The only question for our determination is as to the legal sufficiency of the agreed facts to warrant the judgment which was given.

Under the act of 1784, a sheriff was allowed two and a half per centum commissions for *executing an execution against the body or goods*, which in practice with us extended to lands also.   And a question arose in the case of *Matlock* v. *Gray*, 4 Hawks, 1, whether the sheriff was entitled to commissions, he having levied the *fi. fa.* and been stopped from selling by the plaintiff therein, who had privately received the amount thereof from the judgment debtor after the levy; and the court held, although the expression " executing an execution" as used in the act imported an actual raising of the money by the sheriff, that the sheriff as he had levied and was prevented from selling by the creditor was entitled to stand upon the footing of a full obedience to the writ, and on that principle had a right to commissions.

In conformity to this decision the statute law as contained in the Revised Statutes, ch. 105, § 21, allowed a commission at the same rate as before, on all moneys *collected by virtue of any levy*, and the like commission on all moneys paid *by defendant to the plaintiff* while the precept was in the hands of the sheriff.   In the Revised Code, ch. 102, § 21, the same provision for commissions in substance was retained, with the alteration as to payments by defendant to the plaintiff while the execution was in the sheriff's hands, that such right should not exist except in the case that the payments were after levy made.

By these statutory provisions it clearly appears that the

sheriff's right to commissions attached in two events, first, in the case of collections by himself; and secondly, in the case of collections by the plaintiff of the defendant after levy of the execution. And so the law continued to be until the adoption of the Code of Civil Procedure, when a schedule or specification of the sheriff's fees was enacted; whereby it was provided in terms that the sheriff should have "for collecting executions for money in civil actions two and a half per centum on the amount collected," omitting all mention of any rate of compensation in respect of payments made by the debtor to the creditor after the levy by the sheriff, as provided for in the Revised Statutes and afterwards in the Revised Code. See C. C. P., § 567 (14). And this enactment in the Code operated an implied repeal of section 21, chapter 102 of the Revised Code; or if it did not, its repeal was put beyond question by the act of 1868–'69, ch. 148, § 2; and thus the result is, that the sheriff's right to commissions is altogether regulated by said section 567 of the Code.

At the session of the general assembly in 1870–'71, a new act in relation to the fees of county officers and the supreme court clerk was passed, (ch. 139) and therein it will be seen that the legislature readopts (in section 4, sub. 12) *in totidem verbis* the 14th subdivision of section 567 of the Code, in regard to the sheriff's commissions, and declares all laws repealed whereby any fees were given other than those specified in that act. And this act is the one brought forward in Battle's Revisal, ch. 105, and is the law regulating the sheriff's commissions in this case.

From this course of the legislation, and having regard to the literal import of the language employed in the present act, we think it plain, beyond doubt, that the compensation now allowed is upon the actual collections made by the sheriff himself, with the view to stimulate him to greater diligence, and that it was not intended to extend the right

to payments on private arrangements between the parties as formerly. The omission, in the Code § 567 (14) readopted by the act of 1870–'71, ch. 139 (12) and brought forward in Battle's Revisal, of the provision in our former statute law for commissions on private collections by the execution creditor, cannot be accounted for otherwise than by the fact, that the legislative will was that thereafter the sheriff should be restricted in his commissions to the money actually collected by him.

On the argument before us, our attention was called to the recent case of *Willard* v. *Satchwell*, 70 N. C., 268, as definitely settling the sheriff's right under our present statute. That action was brought to recover back the sum paid to the sheriff under protest for commissions on the debt paid into the clerk's office for the use of the creditor after the levy of the execution; and the decision was that as the judgment debtor by his act prevented a sale by the sheriff after a levy, the law considered the writ as executed, and the sheriff was entitled to keep the sum which had been paid to him. It was also held that if the execution creditor receives the money after levy and causes the execution to be returned unexecuted, the sheriff would be entitled to commissions as against him. That case was decided in conformity to our law before the recent statutes, and the authorities cited in support of the conclusion arrived at were expositions of the law, as in the Revised Statutes and Revised Code. On reference to the reported case, it will be seen that no allusion is made by the court to our recent statutes on the subject of a sheriff's fees, and no discussion thereof. Under these circumstances we do not accept the decision as an authority establishing the right of the sheriff to commissions on sums not collected by himself under the law as it now stands.

We conclude that the declared will of the legislature is, that the sheriff has no right to commissions on money paid

by the debtor to the creditor while the precept is in his hands after levy; as under the Revised Code. And consistently with this ruling, we hold, that as to the three dollars and thirty cents for making the levy and giving notice thereof, that service was performed for the execution creditors before their transfer to the defendant, and the sheriff must look to them therefor; and as a sum claimed for commissions, the sheriff has no right of action for it under our present statute.

The judgment of the court must therefore be reversed and judgment entered for defendant and for costs. This will be certified.

Error.          .          Reversed.