G. W. CANNON AND WIFE AND W. H. WESTALL *v.* C. J. McCAPE AND E. H. HENDRICKSON.

*Trustee—Power of Sale—Commissions and Expenses.*

Where a deed of trust to secure a debt empowers the trustee to advertise and sell the property in case of default in the payment of the debt and directs him to apply the proceeds of sale to the discharge of the debt and to the payment of "expenses" of the trust, including "five per cent. commissions" to the trustee, the latter, after default in the payment of the debt and advertisement of the sale, is entitled to his commissions and reasonable counsel fees paid by

him in the execution of the trust, notwithstanding the tender, by one having a second lien, of the amount of the debt secured by the deed and though the sale, by reason of a restraining order, is not made.

CLARK, J., dissents, *arguendo.*

CIVIL ACTION for an accounting as to the amount due the defendant Hendrickson under a deed of trust executed by Cannon and wife to the defendant McCape, and for an injunction restraining the trustee from selling the property conveyed by the deed of trust.

A restraining order was issued by Judge Shuford on the 12th January, 1894, at Asheville, returnable before his Honor J. D. McIver (Judge riding the Twelfth District) at Chambers in Carthage, N. C., on the 5th February, 1894. Judgment was rendered dissolving the restraining order and against plaintiffs for costs, and plaintiffs appealed.

The facts are stated in the opinion of Associate Justice MACRAE.

*Mr. Charles A. Moore,* for plaintiffs (appellants).
*Mr. W. W. Jones,* for defendants.

MACRAE, J.: It was alleged in the plaintiffs' complaint that the amount paid into court and accepted by the defendant Mrs. Hendrickson was by mutual mistake a greater sum than was really due, but the affidavit of plaintiff Cannon states that the amount so tendered "is the total amount, principal, interest and costs, including taxes, insurance and all other proper and legitimate charges against the affiant because of said note and deed of trust." On the part of the defendants it is alleged that the trustee is entitled to his commissions, five per cent., and to thirty dollars, a fee paid to an attorney whom he found it necessary to consult in the management of his trust.

On the argument it was admitted that the only question for this Court was whether the trustee is entitled to commissions, the sale never having been made by him under the provisions of the deed of trust, and to the amount paid to his attorney. That in this State trustees are entitled to reasonable compensation, even though there is no express provision to that effect in the deed, is so long settled that it will hardly be necessary to cite authorities. We refer, however, to the leading case on the subject, which renders it entirely useless to seek support in the utterances of other Courts than our own, for this and the other principle that when this compensation is fixed by the parties "it will be subject to the revision of the Court and will be reduced to what is fair, or altogether denied if the stipulation for it has been coerced by the creditor as the price of indulgence, or as a cover to illegal interest, or the conduct of the trustee has been *mala fide* and injurious to the *cestui que trust.*" *Boyd* v. *Hawkins*, 2 Dev. Eq., 329.

It is explained in the opinion of Chief Justice RUFFIN in the above cited case that in England the rule was different, because trustees, who were *quasi* officers of the law, as executors, etc., seldom act personally, or are more than nominal owners of the legal title, the business of the trust being conducted by solicitors and law agents, by whom the compensation is derived. In this State, as early as 1799, an act was passed providing compensation for executors, guardians and the like, and the courts of equity, following the law, extended this provision to conventional trustees, allowing them compensation or commissions in analogy to the allowance to public or *quasi* public officers by virtue of the statute. *Sherrill* v. *Shuford*, 6 Ired. Eq., 228; *Ingram* v. *Kirkpatrick*, 8 Ired. Eq., 62. In the case before us a commission of five per cent. is allowed the trustee by the deed. It is not clearly stated upon what sum this per cent.

CANNON *v.* McCAPE.

is to be paid, but a fair interpretation can give it no other
meaning than upon the amount realized from the sale by
him.    After providing for the sale and conveyance of title
to the purchaser the language of the instrument is as fol-
lows: "And apply the proceeds of said land to the dis-
charge of said debt and interest on the same, and to the
payment of the *expenses* of this trust, including *five per cent.
commissions* to the trustee," etc.    This we hold constitutes
an express charge upon the land conveyed as security for
the debt, in favor of the expenses and commissions also.
Reasonable counsel fees have always been allowed to trus-
tees when the advice of counsel appears, as in this case, to
have been necessary to enable him properly to execute his
trust.    These expenses and commissions being secured by
the terms of the deed, it was the duty of the trustee, upon
default of the trustor, to advertise and sell the land, collect
the purchase-money, make title to the purchasers, satisfy
the debt, expenses and commissions, and pay the balance
to the trustor.    This duty was not unlike that of a Sheriff
when an execution has been placed in his hands; it is beyond
controversy that in such case when the Sheriff levies and
advertises for sale, but in consequence of the payment of
the debt to the plaintiff by the defendant in execution does
not actually sell, he is nevertheless entitled to his commis
sions on the whole debt under the Act of 1784.    *Matlock* v.
*Gray,* 4 Hawks, 1.    And where an injunction was granted
to restrain the collection of a part of an execution, upon
condition that the plaintiff would pay into office that part
which was admitted to be due, it was held that the Sheriff
was entitled to his commissions upon the sum paid in.
*Dibbell* v. *Aycock,* 5 Jones' Eq., 399.

The trustee having advertised the land for sale upon
default, the plaintiff Westall, being a judgment creditor of
the other plaintiff, G. W. Cannon, tendered the amount

admitted to be due upon the trust debt, and, as we understand the controversy, the trustee refused to receive it in full satisfaction, claiming in addition thereto $125 for his commissions on sale and the amount paid by him as a fee for counsel. It will be seen by a calculation that the sum named is very little more than the commissions upon the amount paid in. His Honor Judge Shuford granted the restraining order upon the payment into court of the sum tendered and the giving of a bond in the sum of $200 to cover any damage by reason of the restraining order. When the order to show cause was returned before his Honor Judge McIver, it appearing to him that the only matter in dispute was the question of commissions, in which was included the counsel fees, he dissolved the restraining order.

Pursuing the analogy in the rulings of the Court between the rights of public officers, as Sheriffs, and those of trustees for sale under a deed to secure debts, we concur in the view taken by his Honor. If there were a controversy involving the necessity of an account to ascertain the amount due, it would be proper to continue the restraining order until such accounts could be taken, but this is entirely unnecessary, as the defendant trustee claims $125 to cover both commissions and attorney's fees.

Judgment Affirmed.

CLARK, J., dissenting: I concur with the Court that the fair and reasonable construction is that the commission is to be allowed on the sum "realized by the sale," though not on any amount beyond the debt. But here there was no sale, and hence no sum on which commission could be allowed. When property was levied on and advertised for sale under execution, but payment was made before sale, the Sheriff was allowed no commission on the sale. *Dav-*

*son* v. *Grafflin*, 84 N. C., 100. It took a statute to change this. *The Code*, §3752. But there has been no statute as yet extending this rule to trustees or mortgagees when the debtor pays before sale. It is to be feared that such practice, if adopted, will result in oppression in very many instances.