JOHN C. PASS v. A. L. BROOKS, Trustee.

*Deed of Trust—Sale Under Deed of Trust—Payment of Debt Before Sale by Trustee—Trustee's Commissions.*

Where a deed of trust provided that, in case of sale thereunder, the trustee should receive 5% commission on the sale as a compensation for making the sale, and also that, if the grantor should discharge the debt before the sale, the land should be reconveyed to him, and the trustee advertised the sale, but before sale day the trustor, with the knowledge and consent of the trustee, paid off the debt and interest and the expense of advertisement, and demanded his bond and trust deed; *Held*, that, the debt having been paid, the trustee was not entitled to commissions.

CIVIL ACTION, tried before his Honor, *Judge Starbuck*, a jury trial being waived, at Special Term, in January, 1896, of PERSON County Superior Court, upon an agreed state of facts, which were, substantially, as follows:

The plaintiff executed a deed to defendant in trust to secure a debt of $4,000, with power to sell upon default in payment of the bond at maturity, after advertising as prescribed in the deed, and upon sale to make title and apply the proceeds, "first retaining 5% commission on the sale of the whole of said land as a compensation for making such sale, out of the proceeds of such sale," with a provision for reconveyance if the debt should be paid off by the plaintiff before such sale. Default was made and the defendant advertised. The plaintiff, before sale day, with the knowledge and consent of the trustee, paid the debt, interest and cost of advertising the sale, and demanded his bond and deed of trust, which was refused on the ground that his.

commissions were not paid.  The defendant claimed 5%
commissions on $4,017.77 and the right to sell for his com-
missions.  He was enjoined from selling and ordered to
reconvey, the court holding that he was not entitled to the
commissions named in the deed.  Defendant appealed.

*Messrs. Boone, Merritt & Bryant*, for plaintiff.
*Messrs. W. W. Kitchin, J. W. Graham* and *Shepherd &
Busbee*, for defendant (appellant).

FAIRCLOTH, C. J. :  The sole question is whether the
trustee is entitled to 5% commissions according to the
agreement set out in the deed.  We think he is not.  The
contract was that he should have 5% for the sale of the
land, for making such sale, out of the proceeds of such
sale.  No such sale was had, by reason of the debtor
being paid the debt, interest and cost of advertising
before sale day, as was stipulated in the deed he
might do.  The condition on which the commissions were
to become due has not been performed, and although it
was prevented by the plaintiff, it was his right and duty
to pay off his debt at his pleasure, and it was contemplated
by the express terms of the deed that he could do so.
Executors, guardians and administrators are allowed com-
missions by statute.  At common law a sheriff could not
demand commissions, although the debtor paid the cred-
itor the amount of the judgment after he had received the
execution and made his levy.  He was allowed to do so at
first under the Act of 1784—now in *The Code*, Section
3752.  There is no similar statute as to trustees.  Courts
may make such reasonable allowance to trustees as seems
proper under the circumstances, when they see fit to do so.
The rule was stated in *Boyd* v. *Hawkins*, 2 Dev. Eq., 336,
to be "*a just allowance* for time, labor, services and
expenses, under all the circumstances that may be shown

before a master." The present case is distinguishable from *Cannon* v. *McCape*, 114 N. C., 580, by the terms of the contract in the two cases.

Affirmed.