L. B. SMITH, Executrix v. A. D. FRAZIER, et al.

*Practice—Foreclosure Sale—Compensation of Commissioners—Commissions, When Not Allowed.*

1. Trustees and commissioners to sell land under judicial order (other than in partition proceedings) are not allowed commissions, either by statute or common law, but only such just compensation for time, labor, services and expenses as the circumstances of each case warrant.

2. Where, in foreclosure proceedings, commissioners were appointed to sell land, and the decree provided that they should receive 5 per cent. commissions, and pending an advertisement of the sale the plaintiff agreed to sell the land privately to the defendant for $2,400, and such private sale was reported to and confirmed by the court; *Held*, that it was error to allow 5 per cent. commissions to the commissioners, and the decree making such allowance will be modified so as to provide for reasonable compensation for the time, services and expenses of the commissioners.

CIVIL ACTION, heard before *Coble, J.*, at January Term, 1896, of GRANVILLE Superior Court. The facts appear in the opinion of the Chief Justice.

*Messrs. W. B. Shaw* and *Shepherd & Busbee*, for plaintiff (appellant).

*Messrs. Edwards & Royster*, for defendants.

FAIRCLOTH, C. J. : The object of this action was to foreclose a bond for title to land purchased by the defendants, and for a judgment in favor of the plaintiff for the balance of the purchase-money. At July Term, 1895, the cause was tried, and the plaintiff recovered judgment and the land was ordered to be sold by two commissioners then appointed, with a further order that the proceeds be applied first to the cost and expenses of the sale,

including five per cent. commissions on the sale, and the balance in payment of the judgment. Accordingly, the commissioners advertised to sell the land, and, pending the advertisement, the parties settled the matter. It was made to appear to the court at January Term, 1896, that the plaintiff sold the land to the defendants at $2,400, with the sanction of the commissioners after they had duly advertised to sell the land, and they reported that the price was a full and fair one, and recommended the confirmation of the sale. No sale was made under the advertisement, and the sale (as above stated) was confirmed. It was further ordered that the commissioners be allowed five per cent. upon the purchase-price, to be retained out of the purchase-money as aforesaid.

The plaintiff appealed from so much of the order as allows five per cent. commissions to the commissioners, and this is the only question for us to consider.

At common law no commissions were allowed, and that rule has been followed by our Court, both at law and in the Court of Equity. By statutes executors and administrators and sheriffs are allowed commissions under the circumstances mentioned in the statutes, but there is no such statute in relation to trustees and commissioners in a state of facts like the present. In an early case, the rule established was a *just* allowance for time, labor, services and expenses, under all the circumstances that may be shown before a master, and that rule has been since observed. *Boyd* v. *Hawkins*, 2 Dev. Eq., 329 ; *Dawson* v. *Grafflin*, 84 N. C., 100. In a recent case the same principle is repeated. *Pass* v. *Brooks*, 118 N. C., 397. *The Code*, Sec. 1910, applies to partition proceeding.

The order allowing five per cent. commissions on the purchase-price is reversed with direction to the superior

court to allow a just and reasonable compensation for labor, services, time and expenses, under all the circumstances, actually rendered by the commissioners.

Reversed.