A. M. FRY v. C. E. GRAHAM et al.

(Decided May 24, 1898).

*Trustee—Advertisement of Sale Under Trust Deed—Payment of Debt secured before Sale—Commissions.*

1. Where a trustee under a deed in trust with power of sale advertised the land for sale, and the sale was postponed, and before the day of the adjourned sale the debt was paid in full and the deed cancelled, the trustee cannot recover commissions on the amount of the debt but is entitled to a just allowance for time, labor, services and expenses in and about the matter.

2. In such case, an action brought by the trustee to recover commissions should not have been dismissed and, on appeal, will be sent back for a new trial as to the proper compensation of the trustee for his time, labor, expenses, &c.

CIVIL ACTION tried before *Norwood, J.,* at Fall Term, 1897, of SWAIN Superior Court. The facts appear in the opinion. The defendants demurred *ore tenus* and his Honor sustained the demurrer and dismissed the action. Plaintiff appealed.

*Mr. W. W. Jones* for plaintiff (appellant).
*Mr. R. L. Leatherwood* for defendants.

FAIRCLOTH, C. J.: The plaintiff was trustee of the defendant, to secure a debt of the latter, with a power of sale in the trust deed upon default of payment. After default occurred the plaintiff advertised to sell the land, but before the sale day it was agreed to postpone the sale. About a year later the plaintiff advertised to sell again at the request of the creditor, and soon thereafter a restraining order was granted, which we understand to have been finally dissolved. Before the second sale day the debtor paid in full the debt and interest and discharged the other stipulations in the deed, and the creditor cancelled and marked the trust deed satisfied, so that no sale was made.

The plaintiff institutes this action to recover 5 per cent. commissions on the amount of the debt, $26,000, and his expenses incurred in advertising, etc. Defendant demurred *ore tenus* and his Honor dismissed the action. There was no agreement between the parties as to the commissions.

We lately had a similar case and it was held that the plaintiff was not entitled to commissions. *Pass* v. *Brooks,* 118 N. C., 397.

In that case we approved an early decision that "a just allowance for time, labor, services and expenses, under all the circumstances that may be shown before a master," may be made when the court sees fit to do so. *Boyd* v. *Hawkins*, 17 N. C., 336. The rule and reasoning will be found in those two cases and need not be repeated here. We therefore think his Honor properly held that plaintiff is not entitled to commissions, but we think he erred in dismissing the action. Whether the plaintiff is entitled to charge for advertising, expenses, labor or services, are matters to be inquired into upon the proofs and the finding of the jury under instructions from the court. The case will be sent back for trial as to such matters.

                                                    Error.