H. G. WHITAKER v. OLD DOMINION GUANO COMPANY.

(Decided November 29, 1898.)

### *Abbreviations—Commissions—Allowance.*

The phrase *et cetera—"etc."* in a contract to pay a commissioner appointed
to sell land for payment of a debt *"and the cost and charges of advertising, etc.,"* will not include commissions, where no sale is
made. The commissioner will be entitled to a just allowance for
his time, labor, services, and expenses in the matter.

Civil action to enjoin sale of realty under mortgage
pending in Superior Court of Surry County. There
had been made an order in the cause by *Hoke, J.,* at
Chambers, directing a reference to ascertain balance
due on the debt and adjudging that the trustee, W. T.
Purvis, is entitled to commissions provided for in deed
of trust. This was "5 per cent. commissions on the sale
of the whole of said land sold, as a compensation for
making such sale, out of the proceeds of such sale." In
making this order his Honor had before him a written
contract executed by Whitaker and Purvis, trustee,
wherein "Whitaker agrees to pay the cost and charges
of advertising, etc."

The plaintiff excepts to so much of said order as
allows Purvis, trustee, 5 per cent. commissions.

Upon the coming in of the report ascertaining the
balance due upon the mortgage debt, exceptions were
filed by the plaintiff and heard by consent before *Starbuck J.,* at Chambers.

There had been no sale of the mortgaged premises—
by arrangement with the trustee, Whitaker had by
payments reduced the debt from $1151.50 and interest
to $120.   , for which sum and costs judgment was

rendered—also 5 per cent. commissions on the amount received by the trustee were adjudged to him.

The plaintiff excepted to the commissions and appealed.

*Mr. Virgil E. Holcombe,* for plaintiff (appellant).
*Mr. W. F. Carter,* for appellee.

FAIRCLOTH, C. J.: The plaintiff made an assignment to the defendant Purvis in trust to secure his creditors.    On default the trustee advertised a sale of the property, on April 4, 1891.    After chaffering, the plaintiff and the trustee agreed to postpone the sale until December, 1891, and among other things they agreed in writing that the plaintiff should make certain payments "and (pay) the costs and charges of advertising, etc., of the mortgage."    The trustee afterwards advertised again and the plaintiff obtained an order restraining the sale on the ground that he had paid the debt including "all lawful charges thereon." The trust deed provides that the trustee shall receive as a compensation five per cent. commissions "on the sale of the whole of said land sold, etc "    When the cause was heard, his Honor rendered judgment that the trustee "is entitled to commissions provided for in the deed of trust."    No sale was made.    The plaintiff appealed, and the trustee's right to commissions is the only matter for us to determine.

The same question was presented in *Pass* v. *Brooks,* 118 N. C., 397, and it was held that the trustee was not entitled to commissions, and the reasons given.    It was also held, on the authority of *Boyd* v. *Hawkins,* 17 N. C., 336 (2 Dev. Eq.) that the trustee was entitled to "a

123—24

just allowance for time, labor, services and expenses under all the circumstances that may be shown before a master" when the court sees fit to make it. These cases were followed in a similar case—*Fry* v. *Graham*, 122 C., 773. . The defendant however insists that the word "etc" in the contract means and includes commissions in its connection, and relies on *Gray* v. *Railroad Co.*, 11 Hun. N. Y., 70. That was a boat contract, and the defendant agreed to take the boat "provided, upon trial, they were satisfied with the soundness of her machinery, boiler, etc." The Court held that the word "etc" was for construction by the Court and was not for the jury, and that "etc" meant "other things," that is other material parts of the boat.

In *Hayes* v. *Wilson*, 105 Mass., 21, the contract was for "sixty-one days work on house, etc." The Court allowed the jury to consider whether, "etc." included work on the lot around the house. Another case was a sale of "china, wearing apparel, linen, etc.," and the last word was held to include things *ejusdem generis;* also, "all my furniture, etc.," included *things ejusdem generis.*

It would probably be safe to say that, in these and other like cases, where the sense of the abbreviation may be gathered from the preceding words, there is sufficient certainty; but where the abbreviation cannot be understood and affects a vital part of the contract or instrument, the uncertainty will be fatal.

The word "etc" (*et cetera*) in the case before us does not necessarily mean commissions. It may mean expenses and monies necessarily expended in the legitimate discharge of *fiduciary* duties. Commissions mean compensation for selling; charges and expenses are incidental and for money paid out in the discharge of the duties of the office.

Without undertaking to harmonize the nice distinctions above referred to, we think it better to adhere to the plain rule laid down in the first three cases cited above, and in doing so we find the judgment erroneous in allowing commissions, upon the agreed state of facts.

Error.