M. E. TURNER, Administratrix of Joseph Turner, *et al.* v. M BOGER, Trustee of Joseph Turner.

(Decided April 3, 1900.)

*Deed of Trust—Attorney Fee—By Whom Paid.*

1. A stipulation, in a deed of trust, among other charges, *"including an attorney's fee of 5 per. cent,"* will not be sustained.

2. The debtor is only liable for the debt, interest, actual expenses of sale, as advertising, and the like, and a reasonable compensation to trustee for his time and trouble in making sale, say not to exceed 2 per cent. Code, 1910. The trustee pays his own attorney.

CIVIL ACTION by administratrix and heirs-at-law of Joseph Turner, for partition of certain lands, and sale to close mortgage on other lands belonging to the intestate, transferred from the Clerk and heard before *Timberlake, J.,* at February Term, 1900, of IREDELL Superior Court.

The case was compromised in every particular, save one. The deed of trust, or mortgage, contained the usual conditions for foreclosure, and in case of sale, the following: "And out of the moneys arising from such sale, the said Martin Boger, trustee, or legal representative, shall pay the principal

and interest of the indebtedness hereby mentioned to be secured, together with all legal cost and reasonable charges in executing this trust, *including an attorney's fee of 5 per cent."*

The only question presented to his Honor was: Is the 5 per cent attorney fee charged and mentioned in the deed of trust void as against public policy? If it is, nothing is due the trustee—if it is not, the debt due him is $376.65, subject to a payment of $235.74.

His Honor sustained the charge, and rendered judgment in favor of trustee for $376.65, subject to the credit of $235.74.

Plaintiffs excepted and appealed.

*Messrs. Armfield & Turner,* for appellants.
No counsel *contra.*

CLARK, J. In 1887 the plaintiff's intestate executed a deed of trust to the defendant to secure a debt to defendant's wife, in which it is stipulated that in case sale should be made under the trust, "out of the moneys arising from such sale the said Martin Boger, trustee, or legal representative, shall pay the principal and interest of the indebtedness hereby secured, together with all legal costs and reasonable charges in executing this trust, *including an attorney's fee of 5 per cent."* After the death of the plaintiff's intestate, an action was begun by plaintiffs for partition of certain land named in the trust deed, in which the trustor had owned a part interest only, and for a sale of all the land embraced in said deed to make assets to pay debts, including the lien on the debt secured by the trust. This the defendant, who was also defendant in that proceeding, resisted, claiming the right to sell under the deed of trust, and by a consent judgment it was decreed that the defendant should sell the land embraced

in the trust deed, and out of the proceeds pay "said debt and interest, and all legal and necessary *expenses* of said sale." The lands have since been sold by the defendant, and after allowing him all "expenses" for advertising,traveling, etc., but not including above 5 per cent for attorney's fees, there was a balance due of $235.74, which the plaintiff tendered in legal money before the bringing of this action, and paid the same into the Clerk's office to abide the result of this action, and which the defendant has since received, without prejudice, to be held as a credit, or as payment in full, according to the decision of the Court as to his right to collect the 5 per cent for attorney's fee.    This presents the sole question for consideration.

A stipulation in a promissory note "that in case this note is collected by legal process, the usual collection fee shall be due and payable," was held contrary to public policy, and invalid, in *Tinsley v. Hoskins,* 111 N. C., 340.    This has since been reaffirmed in *Brisco v. Norris,* 112 N. C., 671; and in *Williams v. Rich,* 117 N. C., 235, such reservation was held not only invalid, but evidence of usury.    If this stipulation is contrary to public policy in a note which has to be collected by aid of the courts, for a stronger reason the stipulation would be invalid in a mortgage or deed of trust where the opportunity for oppression is greater.

It is true that a stipulation for compensation to the trustee for making sale, in addition to actual expenses, if reasonable, would be sustained, (though if a cloak for usury it would not be, *Arrington v. Jenkins,* 95 N. C., 462; *Hollowell v. B. & L. Association,* 120 N. C., 286), and if the rate of compensation is not specified, probably by analogy, the commission allowed for making sale in partition (The Code, sec. 1910, *Ray v. Banks,* 120 N. C., 389), would be reasonable, but in this trust deed the stipulation is not only for expenses and

reasonable charges in executing the trust (i. e. commissions), but that 5 per cent attorney's fee shall be added thereto. The consent judgment eliminated the provision for commissions to trustee, by stipulating that only "legal and necessary *expenses*" of sale should be charged, and all such expenses claimed by defendant have been paid.

The answer avers that the 5 per cent was charged for "services of defendant's attorney, and that they were reasonable and just." Probably they were, but they must be paid by the defendant, at whose request they were rendered, and can not be charged against the debtor, who is only liable for the debt, interest, actual expenses of sale, as advertising and the like, and a reasonable compensation to trustee for his time and trouble in making the sale—say not to exceed 2 per cent, (Code, 1910), and by the consent judgment only the *expenses* were to be charged, omitting compensation to trustee, who was acting for his wife, and therefore was more like a mortgagee.

In *Cannon v. McCape,* 114 N. C., 580, the amount of the commission was not discussed, but the right to receive it, when a sale was not made, and even on the point decided, it has been virtually overruled in *Pass v. Brooks,* 118 N. C., 397; *Fry v. Graham,* 122 N. C., 773, and *Whitaker v. Guano Co.,* 123 N. C., 368; thus sustaining the dissenting opinion in *Cannon v. McCape,* and in *Smith v. Frazier,* 119 N. C., 157, 5 per cent commissions in foreclosure proceedings were held excessive and disallowed.

Upon the facts agreed, judgment should have been rendered in favor of plaintiff for the surrender and cancellation of the trust deed, and for costs.

Reversed.