This is a controversy submitted without action. As stated in the brief of appellant's counsel, the only point in the case is whether the trustee who sold under the power given to him in the deed of trust from W. J. Wilson is entitled to commissions on the full amount realized at the sale or only on the amount of the debt secured by the deed of trust and the actual expenses of the sale. The deed provides as follows: "When the advertisement herein provided for is begun, the commissions of the trustee on the amount herein secured shall be deemed to be due and payable, and may be collected by him in the same way and manner as other moneys secured by this trust, and he shall convey said land to the purchaser and heirs in fee simple, and apply the proceeds of said sale to the discharge of said debt and interest on the same, and to the payment of the expenses of this trust, including 5 per cent commissions to the trustee, and of any other moneys then owing from the said parties of the first part to the said party of the third part and secured by this deed in trust, any surplus to be paid to the said parties of the first part." The court held that the trustee was entitled to receive (344) commissions only on the amount of the debt secured ($568), the commissions thereon being $28.40, and directed him to retain the latter amount and the amount of the debt, and to pay the balance to the plaintiff, who owned the land described in the deed of trust. The defendant excepted and appealed.
After stating the case: The ruling of the court was clearly right. It is not necessary that we should review the cases decided by this Court in regard to the question of commissions allowable to a trustee acting under a power of sale. Those cases were cited to us, but *Page 251 
they involved questions different from the one presented in this record. They are collated and discussed by Clark, J., for the court, in Turnerv. Boger, 126 N.C. 300. The trustee accepted the trust, and is, therefore, bound by the terms of the deed. Although the expression, "the commission of the trustee on the amount herein secured shall be deemed to be due and payable," is found in that part of the deed which relates to an advertised sale which is not made, it was evidently the intention of the parties to fix thereby the amount of the commissions in any event, whether the sale should be made or not. The subsequent expression, when providing for the distribution of the purchase money, namely, "and apply the proceeds of sale to the discharge of said debt and interest on the same, and to the payment of the expenses of this trust,including 5 per cent commissions to the trustee," necessarily refers to the clause immediately preceding it and which we have already quoted. We must construe the deed as a whole, not omitting any one of its provisions, and with a view of ascertaining the true meaning of the parties. So considering it, we are convinced that there was no error in the judgment of the court. There was no point made as to the defendant's right to retain the actual expenses of the sale, though no provision is made for their retention in the judgment. If necessary, the (345) latter may be modified to include them in the amount to be retained by the defendant. We think the rate of commissions was reasonable.
Affirmed.
Cited: Banking Co. v. Leach, 169 N.C. 710.