CYNTHIA PRINGLE ET AL. v. WINSTON-SALEM BUILDING AND LOAN ASSOCIATION ET AL.

(Filed 2 November, 1921.)

**1. Mortgages—Deeds in Trust—Powers of Sale—Resale—Statutes.**

A sale of land under the power in a mortgage or deed of trust is given the same status as if made under a judgment or decree of court, by the provisions of C. S., 2951, requiring the sale to be kept open for ten days and a resale ordered by the clerk of the court if within that period a raised bid has been offered in compliance with the statutory provisions.

**2. Same—Clerks of Court—Jurisdiction.**

C. S., 2951, does not require that all sales of land under mortgage or deed in trust be reported to the clerk of the court, but only when an advanced bid has been made and is properly safeguarded or paid into the office of the clerk of the court.

**3. Same—Judicial Sales—Commissions—Allowances—Costs.**

Upon the ordering by the clerk of the court of a resale of lands sold under the power contained in a mortgage or deed of trust, C. S., 2951, the original sale, under the power, becomes a nullity, and that part of the instrument providing a certain per cent as selling commission to the mortgagee or trustee is inoperative; and in lieu thereof he is entitled only to the costs and expenses of the sale and such sum to compensate him for his services actually rendered as may be approved by the clerk, subject to review on appeal, or by the court direct where a restraining order has issued.

**4. Mortgages—Deeds of Trust—Sales—Commissions.**

Where lands have been sold under a mortgage or deed of trust, semble, the per cent stated therein as commissions is allowable in conformity with the spirit of our statute, only on the amount of money collected and paid over on the indebtedness, and not upon the price the land may have brought at the sale. C. S., 2951.

APPEAL by Watson, trustee, from Webb, J., at May Term, 1921, of FORSYTH.

On 18 January, 1919, the plaintiffs executed to Watson, trustee for Winston-Salem Building and Loan Association, a deed of trust to secure $800. This debt not being paid at maturity, upon the request of the

beneficiary the trustee advertised the property for sale, and on 9 May, 1921, sold it for $3,000. Pursuant to C. S., 2591, an advance bid being filed with the clerk, on 12 May he ordered a resale, which was advertised to take place 4 June, 1921. After the resale was ordered, on 3 June, 1921, the plaintiffs tendered to Watson, trustee, the amount due on the note and the cost of advertising the two sales, amounting to $735.10, but declined to pay the trustee a commission of $150, which he demanded as 5 per cent upon the $3,000 bid, and on the same day paid into the office of the clerk of the Superior Court said sum of $735.10, and upon a summons issued procured a temporary restraining order against a resale, which was later continued to the final hearing by *Webb, J.,* who also refused the prayer of the defendant Watson to dismiss the action, and he appealed.

*Jones & Clement for plaintiffs.*
*Manly, Hendren & Womble for defendants.*

CLARK, C. J.   Ch. 146, Laws 1915, and amendments, now C. S., 2591, was intended for the protection of mortgagors where sales are made under a power of sale without a decree of foreclosure by the court. In the latter cases there was always an equity to decree a resale when a substantial raise in the bid, usually 10 per cent, had been deposited in court. There being no such protection as to mortgages with power of sale, this statute was passed to extend to mortgagors, whose property had been sold under power of sale without a decree of foreclosure, the same opportunity of a resale when there has been an increased bid of 10 per cent when the bid at the first sale did not exceed $500, and of 5 per cent when the bid of the first sale was more than $500.

This statute has been construed at this term, *In re Sermons, ante,* 122, not to require a report to the clerk of every sale made under a mortgage with power of sale, but that in all such cases if the prescribed amount of the raise in bid is guaranteed, or paid, to the clerk he shall require the mortgagee or trustee to advertise and resell on 15 days notice. In short, the condition of a mortgagor in a mortgage with a power of sale is assimilated to the condition of property sold under a decree of foreclosure so far as the right to set aside the bid at the first sale and to require a resale. Therefore, the decisions upon the right of the commissioner to commissions on a sale under a decree of foreclosure is applicable in these cases.

In *Pass v. Brooks,* 118 N. C., 398, it was held that after the trustee had advertised, but before the sale day the trustor, with the knowledge and consent of the trustee, paid off the debt and interest and costs of

advertisement, the trustee was not entitled to any commissions. In *Fry v. Graham,* 122 N. C., 773, where the trustee in a deed of trust with power of sale advertised the land for sale but the sale was postponed, and before the day of the adjourned sale the debt was paid in full, it was held the trustee could not recover commissions on the amount of the debt, but was entitled to a just allowance for time, labor, services, and expenses, and that these could be assessed in an action by the trustee for the same. In the present case the matter being before the clerk under C. S., 2591, by virtue of the order of resale made by him, we are of opinion that these charges can be assessed by the clerk, subject to review on appeal, or by the judge in this proceeding, as in *Fry v. Graham, supra.*

In *Whitaker v. Guano Co.,* 123 N. C., 370, it was held that where there is no sale a just allowance can be allowed the commissioner for his time, labor, and expenses. All these cases cite *Boyd v. Hawkins,* 17 N. C., 336. In *Turner v. Boger,* 126 N. C., 303, the above three cases were cited, and the Court affirmed the dissenting opinion in *Cannon v. McCape,* 114 N. C., 584, in which it was pointed out that originally, "when property was levied on and advertised for sale under execution, if payment was made before sale, the sheriff was allowed no commission on the sale. *Dawson v. Grafflin,* 84 N. C., 100, and it took a statute to change this (Code, 3752), but there has been no statute as yet extending this rule to trustees or mortgagees when the debtor pays before sale. It is to be feared that such practice, if adopted, will result in oppression."

The order of resale vacated the first sale absolutely, and under the above authorities the trustee, at most, would be entitled only to an allowance for his trouble and expenses of advertising, which last has been paid into the clerk's office. The trustee claims that he was entitled to 5 per cent upon the $3,000 which the land brought at the vacated sale. The question is not before us whether if the sale had not been set aside the trustee would have been entitled to commissions on the $3,000 or only upon the amount collected and paid over on the indebtedness, in analogy to the sale by the sheriff upon execution who receives commissions not upon the price the property has brought, but only upon the amount collected, C. S., 3908, or like the allowance to an administrator who, in selling land under a decree to make assets, is entitled to commissions only on so much of the proceeds of the sale as is applied to the indebtedness of the intestate, and there are other instances. In *Smith v. Frazier,* 119 N. C., 158, it was held that formerly no commissions were allowed commissioners for making sale under judicial decree, but only a just allowance for time, labor, and expenses and a decree allowing 5 per cent on the purchase price instead of on the amount of debt collected, was reversed. This was cited and approved in *Turner v. Boger,*

126 N. C., 303, which intimated that by analogy to sales in partition the allowance (even when the sale is not set aside) might follow the rate allowed by that statute, now C. S., 3896, *Ray v. Banks,* 120 N. C., 389; *Williamson v. Bitting,* 159 N. C., 321.

Though this matter is not strictly before us, and we do not decide it, it would seem that the spirit of the statute is to protect mortgagors like defendants in executions against the payment of commissions on more than the debt that is collected by the sale.

The restraining order against the resale was properly continued, and the amount of allowance to the trustee for his labor and trouble can be fixed by the judge at the final hearing, or if so advised, application for such allowance can be made by the trustee to the clerk, with the right of appeal.

Affirmed.