Peters *alias* Simpson *vs.* The State of Georgia.

---

No. 22.—Wm. Peters *alias* William P. Simpson, plaintiff in error, *vs.* The State of Georgia.

[1.] An officer, arresting a criminal, is not authorized to charge "rail road fare" in his bill of costs; he is only authorized to charge *mileage*, and if the officer conveys the prisoner upon the rail road, it is upon his own responsibility.

[2.] Each County is bound by law to keep a good and sufficient jail for the safe-keeping of criminals, at *the charge of the County*, and if there is not such jail, and a guard is necessary for their safe-keeping, the expenses of such guard must be paid by the County, and not by the defendants who may be guarded.

[3 ] When a defendant shall be convicted of a criminal offence, and cash funds belonging to him are in the hands of the arresting officer. judgment *should be entered against the defendant for all costs legally due*, and the money applied in satisfaction of that judgment, as provided by the Acts of 1820 and 1830, and the balance, if any, paid to the defendant or his authorized agent.

Burglary, in Henry Superior Court.　Decided by Judge Stark.

At the April Adjourned Term, 1850, of Henry Superior Court,

the plaintiff in error filed a plea of guilty to an indictment for burglary.  The Solicitor General then moved the Court to tax in the bill of cost, against the plaintiff in error, the following items, to wit:

Prisoner's rail road fare, and other expenses...........$3 30
Bringing defendant before the Court 4 times............5 00
Serving nine subpœnas.....................................5 62½
Guard conveying prisoner to jail.........................7 50
Guarding jail 115 days, at one dollar per day .......$115 00
Fees due Anderson and Henderson, witnesses subpœ-
    naed by the State, living out of the County, but
    who were not examined before the Court...........21 62

To which motion, counsel for the prisoner objected.  The Court overruled the objection, except so far as to reduce the item for guarding the jail nine dollars and fifty cents, making John Bates, (another prisoner who occupied the jail nineteen days of the time during which the prisoner, Peters *alias* Simpson, was confined,) pay that sum, thereby dividing the expenses between the two.  To which decision, counsel for Simpson excepted.

The Court having decided the items objected to in the bill of cost to be correct, legal and proper, counsel then moved the Court to permit them to traverse said items, for the purpose of showing, by proof, that the Sheriff, Guard and Jailor had charged for more days than the prisoner was confined in jail.

Which motion was overruled by the Court, as coming too late.

The Court then ordered the Sheriff to pay over to the County Treasurer, of Henry County, a sufficient amount of the defendants money in his hands to cover the bill of costs aforesaid, to which several decisions of the Court, the defendant excepted, and now assigns the same for error.

DOYAL & NOLAN, represented by CALHOUN, for plaintiff in error.

Sol. Gen. McCUNE, represented by GLENN, for defendant.

Peters *alias* Simpson *vs.* The State of Georgia.

*By the Court.*—WARNER, J. delivering the opinion.

The first ground of error taken in this case is, to the decision of the Court allowing the bill of costs charged against the defendant.

Two of the items charged, we think, are objectionable. The officer charging costs should always show the authority of the law to exact its payment from the pocket of the citizen.

[1.] We are not aware of the provisions of any fee bill, regulated by Statute, which authorizes the officer to charge *rail road fare* in conveying a prisoner from one place to another. The officer is allowed to charge *mileage* for conveying a prisoner, and if he chooses to convey him on a rail road, he does so upon his own responsibility; still, he can only charge the *mileage* allowed by the Statute. From what point the defendant was conveyed, or what distance, the record does not inform us. The charge is too *indefinite* in another respect—" Prisoner's rail road fare and *other expenses.*" What those *other expenses* were, we do not know. The defendant, who pays costs, is entitled to have the *specific* items, and the amount of each separately and distinctly stated.

[2.] The item for guarding the jail, we think, was improperly charged against the defendant. The first section of the Act of 1796 declares, that the Justices of the Inferior Courts of every County in this State shall maintain and keep in good repair, *at the charge of such County,* one sufficient jail, with sufficient apartments for the *safe keeping of criminals* and debtors, well secured, &c. *Prince,* 169. It is made the duty of each County to secure their own criminals, at the charge of the County, by having a good and sufficient jail for that purpose; and if they have not such a jail, and a guard is necessary, that guard should be paid by the County, and not by defendants. We are not aware of any *fee bill,* regulated by Statute, which authorizes such a charge to be made against a defendant; and those who charge costs, and exact its payment, as before remarked, must show the *authority of the law* to do so.

[3.] We are also of the opinion the Court below erred in or-

dering the Sheriff to pay the money, belonging to the defendant, over to the County Treasurer.   After the conviction of the defendant, judgment ought to have been entered up against him for the amount of the costs legally due, according to the provisions of the Acts of 1820 and 1830.   *Prince,* 446, 467.   The money should then have been applied to the satisfaction of such judgment, and the balance returned to the defendant or his authorized agent.

Let the judgment of the Court below be reversed.