## BROWN v. THE STATE.

A person tried and convicted of a criminal offence is taxable as costs with the fees of two witnesses sworn and examined in behalf of the State, whether they reside in the county or not, and of more than two where their testimony goes to different material points, or where the court certifies that the question at issue was of such a character as rendered more than two witnesses necessary to a single point.

December 23, 1890.

Criminal law. Costs. Before Judge COBB. City court of Clarke county. March adjourned term, 1890.

Brown was convicted of a misdemeanor, and was sentenced to pay a fine of $50 and all costs of prosecution. On motion to tax the bill of costs, the court ordered that the costs of such witnesses as were sworn and examined on the trial be taxed in the bill. In taxing the costs, the court required Brown to pay fees for four of the State's witnesses who resided in the county both at the time of summons and at the time of trial, which was done under protest. At the following term Brown moved that the bill of costs be revised and re-taxed, and that the sums taxed for witnesses residing in the county be stricken on the ground that said sums were not legal items of costs against him, and for other reasons not here material. The court ruled that Brown was liable after conviction to pay the costs of all witnesses, and overruled his motion. He excepted.

THOMAS & STRICKLAND, by brief, for plaintiff in error. No appearance contra.

BLECKLEY, Chief Justice.

The question is whether a person convicted on indictment for a misdemeanor is chargeable, as a part of the costs, with fees of witnesses sworn and examined for the State unless the witnesses are non-residents of the county in which the conviction takes place. In

the act of December 17th, 1792 (Mar. & Crawf. Digest, 230), under the head of jurors' and witnesses' fees in civil cases is found this language: "To each witness per day, for his or her attendance, for coming and returning, allowing thirty miles for a day, not allowing for more than three witnesses, to be paid by the person summoning the same, and taxed in the bill of costs, three shillings and sixpence; the witnesses to have the same allowance in criminal cases where the person prosecuted is found guilty." This provision, so far as we can discover, has never been repealed. It is brought forward in Prince's Digest, 261, and in Cobb's Digest, 353, with the three shillings and sixpence *per diem* translated into seventy-five cents. The code, §3841, declares that when the attendance of any person resident in the county is required as a witness in any court, he shall, on being duly served with a *subpœna*, attend the court from term to term until the case is tried, and that "the witness fee shall be seventy-five cents *per diem.*" Until 1836, witnesses residing out of the county, when summoned in behalf of the State in criminal cases, were upon the same footing with reference to compensation as witnesses residing in the county; but by an act passed in that year their compensation was raised to two dollars per day, and so remains. Prince's Digest, 476; Cobb's Digest, 279; Code, §3845. That act expressly provides that "Nothing herein contained shall be so construed as to prevent the cost being collected in the same manner as heretofore pointed out by law from the defendant or defendants in State cases." This provision indicates that it had been previously the practice to collect the fees of the State's witnesses out of convicts according to the fee bill laid down in the act of 1792, *supra*, except that the judiciary act of 1799 (Cobb's Digest, 277), limited the taxable cost to the fees of two witnesses, instead of three, to any material

point. This provision is brought forward in the code, §3682, but qualified with a discretion in the court to certify that the question at issue was of such a character as rendered a greater number of witnesses necessary to a single point. The result of our investigation is that a person tried and convicted of crime is taxable, as the law now stands, with the fees of two witnesses sworn and examined in behalf of the State, whether they be residents of the county or not; and if additional witnesses are required for different material points, two may be counted for each point, and more than two where the court makes the requisite certificate.

The record indicates that questions were made in the court below as to the amount adjudged against the defendant for witnesses' fees, but the only question argued in this court was as to the right to tax fees for resident witnesses at all. That question was correctly decided by the city court, and the judgment is *Affirmed.*