THE STATE OF GEORGIA, for use, etc., *v.* EVERETT.

1. Where, by the judgment of the court, a person convicted of a misdemeanor is sentenced to pay a fine and the costs, including the fees of the witnesses, and the clerk issues an execution for such fees, based upon the judgment, section 3842 of the code is not applicable. That section applies where a witness verifies his subpœna and has it countersigned, and thus makes it, together with the affidavit, in effect an execution against the property of the party at whose instance he was subpœnaed.

2. Where the clerk of the superior court issues an execution for the costs due witnesses, and the defendant meets it with an affidavit of illegality on the ground that the witnesses have claimed, and procured the execution to issue for, more fees than they are entitled to receive, specifying in the affidavit the alleged excess as to each witness, it is incumbent upon the defendant to pay the amounts appearing to be due, in order to authorize the levying officer to stay further proceedings. When the execution and the affidavit of illegality are returned to court, the issue thus made is in the nature of a motion by the defendant to have the costs retaxed, and upon the trial it is error to refuse to allow each witness to prove the whole number of days he attended court upon his subpœna, and thus establish the correctness of the amount in his favor for which the execution was issued.

March 19, 1894. Argued at the last term.

Affidavit of illegality. Before Judge MILNER. Gordon superior court. June 12, 1893.

W. R. RANKIN and E. J. KIKER, for plaintiff in error.
R. J. & J. McCAMY, *contra.*

LUMPKIN, Justice.

1. At the February term, 1890, of the superior court
of Gordon county, Everett, upon an indictment for as-
sault with intent to murder, was convicted of an assault,
and by the judgment of the court was sentenced to pay
a fine of $500 and the costs of the prosecution, includ-
ing the fees of the witnesses. The clerk issued an exe-
cution, in the name of the State, for the use of several
of the witnesses, stating their names in the body of the
execution, and indorsing on the back of the same the
amount to which each was entitled. The execution re-
ferred to the judgment already mentioned, and recited
that it was issued in pursuance of the same. This exe-
cution was levied upon the property of Everett, who
thereupon made and delivered to the sheriff an affidavit
of illegality, denying the correctness of the amounts
stated to be due to some of the witnesses.

It does not distinctly appear from the record how the
clerk arrived at the amount of the fees due the witnesses,
respectively, but it is inferable, from the allegations of
the affidavit of illegality, that the witnesses went before
the clerk and made affidavits as to the number of days
they had attended in obedience to their subpoenas.
Copies of some or all of these affidavits, not verified by
the clerk, were attached to the record sent to this court,
together with an agreement of counsel that if this court
should determine they were properly parts of the record,
they might be examined and treated as such without
being certified. We find, upon examination, that they
are not parts of the record of the present case, and
therefore, even if material, they could not be considered
in making up our judgment. They are, however, im-
material, and are mentioned only for the purpose of
illustrating the position taken by counsel for the defend-

ant in error in the argument here. Referring to these affidavits, he treated the case as though the witnesses, respectively, had verified their subpœnas under the provisions of section 3842 of the code, for the purpose of making them, together with the affidavits as to attendance thereunder, executions against the property of Everett. Viewing the case in this light, the contention of defendant's counsel was, that the evidence showed the witnesses had sworn falsely as to the number of days they attended at the February term, 1890, and therefore, were entitled to no fees at all as witnesses in the case, but were liable to Everett, under section 3843 of the code, for four times the amount of the fees unjustly claimed against him. Upon this assumption, counsel for the defendant further contended that although, in verifying their subpœnas, the witnesses had made mistakes against themselves as to the number of days they had attended at previous terms of the court, they were not entitled to prove this fact, even though as a result it would appear that the total number of days for which each claimed fees was correct. The answer to all this is, that the witnesses had not undertaken to give the subpœnas themselves the force and effect of executions by complying with the provisions of section 3842 of the code. The execution levied was issued by the clerk from a judgment of the superior court, and the presumption, without regard to the information derived from the statements of counsel or an inspection of the copy affidavits, would be that the clerk discharged his duty and took the proper means of informing himself as to the amount due each witness before undertaking to issue the execution. Of course, if he made mistakes which operated unjustly against the defendant, they could, in the proper way, be corrected; but we are quite certain that the section of the code last cited has no application whatever to a case of this kind.

2. The affidavit of illegality was based, as already stated, on the ground that the witnesses claimed more fees than they were entitled to receive. It undertook to specify the number of days for which each witness claimed fees, the number of days he actually attended, and the excess of legal fees claimed by each. We think that in order to authorize the levying officer to stay further proceedings, it was incumbent upon the defendant to pay the amount due each witness, according to the number of days the affidavit of illegality admitted he had attended. This, however, was not done, but the sheriff returned the execution and the illegality to court, and the issue thus made was tried by a jury. Logically, it was a proceeding in the nature of a motion by the defendant to have the costs retaxed, which was proper enough; but upon the trial it was error to refuse to allow each witness to prove the number of days he had attended court upon his subpœna, and thus establish the correctness of the amount in his favor for which the execution was issued. It is quite probable that at the trial the judge was aware of the errors made by the witnesses in their affidavits as to the number of days they attended at the February term, 1890, and that he refused to allow them to make the proof above indicated, because, in his opinion, they forfeited, by these mistakes, all right to prove the number of days they had attended at previous terms, and thus show that the errors they made against the defendant as to the time of their attendance at the last term were exactly counterbalanced by the errors against themselves as to their attendance at former terms. If this be so, the case was tried upon the wrong theory. In any event, however, our opinion is that, as to the issue made by the levy of an execution of the kind mentioned and an affidavit of illegality thereto, it was the right of the plaintiffs in execution to show, if they could, that the amounts in

favor of each, as indorsed upon the execution, were fair and correct, and to this end, to prove the total number of days they had attended during the entire pendency of the case. ·                          *Judgment reversed.*