9662.  WALTON COUNTY *v.* DEAN, solicitor-general.

"All officers charging costs, and exacting payment from the pocket of the citizen, must always show the authority of the law to do so."

(*a*) "A sheriff is not entitled to pay for any services as costs unless payment for the same be expressly and specifically provided for by statute."

(*b*) "Acts providing for costs and salaries are to be strictly construed."

DECIDED NOVEMBER 23, 1918.

Money rule; from Walton superior court—Judge Cobb. February 28, 1918.

*O. Roberts,* for plaintiff.

*R. L. Cox,* for defendant.

BLOODWORTH, J.  The County of Walton brought a rule against Dean, solicitor-general, to distribute funds in his hands. By agreement the judge "passed upon the issues of law and fact as presented in the pleadings, under an agreement between the attorneys for the parties that the facts set forth in the pleadings were true." The petition shows that the sheriff of Walton county presented a bill to the county commissioners, as follows: "Railroad fare, $18.16; arrest and jail fees, $11.80; auto hire, $4.00; two days' service, $4.00; hotel bill, $4.00; total, $41.96." This bill was paid by the commissioners. It grew out of a criminal charge against Paul Malone, to which the accused entered a plea of guilty, and on which he was fined $150.

"A demand was made upon said solicitor by the board of commissioners for the amount expended in bringing back said Paul Malone to Walton county as itemized above, and payment refused, Walton county claiming that the sheriff had a lien for his expenses and cost against the fund arising from said fine in the hands of the solicitor, and Walton county, having paid said bill, became subrogated to the rights of the sheriff as against said fund; also that Walton county was entitled to be reimbursed, from the fine

7

so collected, for such expenses as were paid out in bringing back said fugitive for trial." The solicitor-general answered the rule and contended that the county was entitled to only $11.80, this being the amount of the items for arrest and jail fees, but was not entitled to be paid the other items. The presiding judge passed the following order: "It is ordered and adjudged by the court, that the solicitor-general, W. O. Dean, pay over to the plaintiff, out of the money in his hands arising from the fine imposed on Paul Malone, the sum of $11.80 for the arresting fee, and jail fees accruing in said case, expended by plaintiff to reimburse the sheriffs and the county. The court finds that the other items of expense in paragraph 2 of plaintiff's petition, to wit, railroad fare, $18.16; auto hire, $4.00; 2 days' service, $4.00, and hotel bill, $4.00, making a total of $30.16, are legitimate items and charges against Walton county, incurred in bringing the defendant Paul Malone from another county in the State to the County of Walton, for trial, but that such items do not create a lien on the funds so arising and in the hands of the solicitor-general, in favor of the sheriff, W. B. Stark, or in favor of the plaintiff, Walton county, for reimbursement; and that such remainder of said funds, after the payment of the amount of $11.80, arresting and jail fees as aforesaid, the remainder in the hands of the solicitor-general, is subject to be appropriated to his claim, and the claims of the other officers mentioned in answer, according to the priority of their liens. And it is ordered and adjudged by the court that after the solicitor-general, W. O. Dean, pays to the County of Walton, the plaintiff in this case, the said sum of $11.80, arresting and jail fee as aforesaid, that he be discharged."

The rulings in the foregoing order are correct. Granting that the county could be subrogated to the rights of the sheriff (but upon this we are not passing), there could be no recovery by the county in this case, unless the sheriff was entitled to recover. In the case of *Davis* v. *State,* 33 *Ga.* 533 (1), Judge Jenkins, speaking for the court, said: "The term *'costs,'* as applied to proceedings in a court of justice, has, in the acceptation of the profession, and by the practice of all courts in Georgia, a well understood meaning. It includes all charges, fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause." See also *Wellmaker* v. *Terrell,* 3 *Ga. App.* 796 (60

S. E. 464). "At common law costs were not recoverable, eo nomine; and costs, as such, in criminal cases were unknown. In the absence of statutory authorization, no right to or liability for costs exists. 11 Cyc. 24, 267; 13 Cent. Dig. 14; State v. Kinne, 41 N. H. 238. 'All officers charging costs, and exacting its payment from the pocket of the citizen, must always show the authority of the law to do so.' *Stamper* v. *State,* 11 *Ga.* 643." *Leonard* v. *Eatonton,* 126 *Ga.* 64 (54 S. E. 963). See also *Bowles* v. *Malone,* 139 *Ga.* 116 (76 S. E. 854). "Acts providing for costs and salaries are to be strictly construed." *Walker* v. *Sheftall,* 73 *Ga.* 806 (a). "A sheriff is not entitled to pay for any services as costs unless payment for the same be expressly and specifically provided for by statute." *Clark* v. *Clark,* 137 *Ga.* 189 (2) (73 S. E. 15). Under these rulings the items, "two days' service, $4.00; hotel bill, $4.00," even if specific enough to be considered as pay for bringing back a fugitive from justice, and as actual necessary expenses, could not be collected from the person convicted, for the statute expressly provides that these shall be paid out of the county treasury. That there could be no recovery for railroad fare and automobile hire, as such, is clear from the ruling in the case of *Peters* v. *State,* 9 *Ga.* 109. In subdivision one of the opinion in that case (p. 111), Judge Warner says: "We are not aware of the provisions of any fee bill, regulated by statute, which authorizes the officer to charge *railroad fare* in conveying a prisoner from one place to another. The officer is allowed to charge *mileage* for conveying a prisoner, and if he chooses to convey him on a railroad, he does so upon his own responsibility; still, he can only charge the *mileage* allowed by the statute. From what point the defendant was conveyed, or what distance, the record does not inform us. The charge is too *indefinite* in another respect—'Prisoner's railroad fare and *other expenses.*' What those *other expenses* were, we do not know. The defendant, who pays costs, is entitled to have the *specific* items, and the amount of each separately and distinctly stated." In addition to the above the record shows that at the time the solicitor-general made answer to the rule, there was due him for services in prosecuting criminal cases in Walton county $477.01, for which amount he held approved insolvent cost bills. The record shows also that there were similar insolvent cost bills held by other officers of the court. As to the disposition of fines such as the one distributed in

this case, see Penal Code (1910), §§ 1116, 1117, 1118. See also *Gordon County Commissioners* v. *Harris,* 81 *Ga.* 719 (8 S. E. 427); *Bartlett* v. *Brunson,* 115 *Ga.* 459 (41 S. E. 601); *Randolph County* v. *Ellis,* 130 *Ga.* 121, 123 (60 S. E. 458).

Judgment affirmed. *Broyles, P. J., concurs, Stephens, J., not presiding.*