McCutchen & Bowden, contra.

---

11796, 11797. McALPIN v. CHATHAM COUNTY; and vice versa.

1. By section 3101 of the Civil Code (1910), which provides that "the fees of the ordinaries of the several counties of this State, for making out commissions of lunacy and all other services connected therewith, shall be five dollars and no more," the fixed amount of costs thus given the ordinaries in such a proceeding must be held to include their compensation for all services necessary or incidental thereto, including the swearing of the commissioners, when such act is performed by the ordinary.

2. The fact that erroneous charges for such an additional item of cost were made in good faith by the mutual mistake of the ordinary and the county commissioners, and that such erroneous items were paid to the ordinary on warrants drawn by the county commissioners, would not prevent the county from bringing a suit for their recovery, within the four-year period of limitation.

DECIDED APRIL 14, 1921.

Complaint; from Chatham superior court — Judge Meldrim. July 23, 1920.

R. R. Richards, Saussy & Saussy, for plaintiff in error.

George W. Owens, contra.

JENKINS, P. J. 1. Where a State or county officer charges an item of costs, he must always show authority of the law so to do; and in a legal proceeding against him for the recovery of an alleged illegal charge (as well as in a proceeding by him to enforce collection), the burden rests upon him to show that the charge is "expressly and specifically provided for by statute." Stamper v. State, 11 Ga. 643, 645; Leonard v. Eatonton, 126 Ga. 63, 64 (54 S. E. 963); Clark v. Clark, 137 Ga. 189(2); (73 S. E. 15); Walton County v. Dean, 23 Ga. App. 97, 99 (97 S. E. 561). Acts providing for costs and salaries are to be strictly construed, and the

measure of the compensation cannot be increased by construction, or in any indirect manner, beyond the amount specified by law. *Walker* v. *Sheftall,* 73 *Ga.* 806, 807(a) ; *Walton County* v. *Dean,* 23 *Ga. App.* 97(b), 99 (97 S. E. 561). A proper rule of construction would require that a statute which plainly fixes or limits the amount of cost legally chargeable in an entire proceeding of a specified character must be given effect, to the exclusion of other prior and more general statutes, which merely seek to fix and prescribe fees and items of cost for particular services rendered in connection with any sort of proceeding where the designated services might be legal and proper. 7 R. C. L. 781, 782.

It follows from what has been said that, since by the terms of section 3101 of the Civil Code (1910) it is expressly provided that " the fees of the ordinaries of the several counties of this State, for making out commissions of lunacy and all other services connected therewith, shall be five dollars and no more," the fixed amount of costs thus given the ordinaries in such a proceeding must be held to include their compensation for all services necessary or incident thereto, including the swearing of the commission, when such act is in fact performed by the ordinary. The fact that when the fixed compensation of five dollars was provided by the act approved August 21, 1879 (Civil Code, § 3101), the ordinaries were not authorized to administer the oath to the commission does not, in our opinion, warrant a contrary holding. Prior to the act approved November 11, 1889 (now part of § 3092 of the Civil Code), none but justices of the peace could administer this oath ; and while by this legislation other officers, including ordinaries, were so *empowered,* the duty was not placed upon the ordinaries as such, but they were merely *authorized* so to act. But there is nothing in the act of 1889 (Civil Code, § 3092) which alters the emphatic language of the act of 1879 (Civil Code, § 3101), by which the fee to which the ordinary is entitled in such an entire proceeding was plainly fixed and limited. The contention of the ordinary is in fact necessarily based on the prior general statute, approved March 8, 1866 (Civil Code, § 4799), which authorizes ordinaries to receive the same fees for administering oaths as are allowed to justices of the peace. As has already been stated, however, and as was held in *Walker* v. *Sheftall,* supra, where the amount of cost

has been plainly specified by law, it is not permissible to increase the amount by construction or in any indirect manner.

The conclusion we have thus arrived at would seem to be aided by construing sections 3101 and 4799 of the Code in pari materia with the language of certain items of sections 6002, 6003, and 4827. Section 4799 allows ordinaries the same fees for administering oaths, when authorized so to do, as are given justices of the peace. Sections 6002 and 6003 specify certain fees allowed justices of the peace for administering oaths and performing other acts in connection with proceedings of particularly designated character. It is manifest that these cost items can have no application here. The only other fee prescribed for the administration of oaths by justices of the peace is "when there is no cause pending" (§ 6002) or "when no cause is pending" (§ 6003). Section 4827, enumerating the ordinary's fee for such a service, is in similar language,— "where no case is pending." It appears from the brief of counsel that the defendant relies upon the fee of 50 cents allowed by section 6003 to justices of the peace for each affidavit, in cities of not less than 54,000 and not more than 80,000 inhabitants; but this item of cost is expressly limited by the code section to such a service "when no cause is pending," and consequently excludes a charge when made in a cause which is pending before the ordinary, and which is not concluded until the entry of his final order. See also *Kent* v. *State,* 18 *Ga. App.* 30(3) (88 S. E. 913).

2. The fact that in the present case, as is conceded by the plaintiff, stated by the trial judge, and concurred in by this court, the excess charges of the ordinary were manifestly made in good faith and in accordance with the long-continued practice of himself since 1901, and of his predecessors in office prior thereto, and that such charges were made by mutual error, on warrants drawn and approved by the county commissioners, would not preclude a recovery by the county. *Franklin County* v. *Crow,* 128 *Ga.* 458(3, 4), 462 (57 S. E. 784); *Smith* v. *Fuller,* 135 *Ga.* 271, 276 (69 S. E. 177); *Lumpkin County* v. *Williams,* 89 *Ga.* 388 (15 S. E. 487); *Greer* v. *Turner County,* 138 *Ga.* 558, 562, 564 (75 S. E. 578).

But, under the facts just stated, the statute of limitations will run in favor of such an officer, just as in ordinary actions between individuals. Civil Code (1910), §§ 4371, 4362, 4368; *Maxwell* v.

*Walsh,* 117 *Ga.* 467, 471 (43 S. E. 704). The instant case is distinguishable by its facts from *Cook* v. *Commissioners of Houston Co.,* 62 *Ga.* 224, 232, which was held to be an exception to the general rule and was expressly limited to the particular facts of that case, where there was shown not only an intentional breach of public trust and duty, but that the monies were obtained " on false and fraudulent accounts."

*Judgment affirmed on both bills of exceptions. Stephens and Hill, JJ., concur.*