### 37990. SILVERBOARD v. ITELD et al.
### 37991. ITELD v. SILVERBOARD et al.

JORDAN, Chief Justice.

These appeals arise from an order approving the sale of real estate by commissioners in a statutory partition proceeding.

After proper advertisement the commissioners received two bids on the property, one for $500,000 cash and the other a credit offer of $620,000 on a 10-year payout. The terms of the sale were subject to an existing first mortgage but did not specify whether the sale would be for cash or credit.

The commissioners recommended that the court accept the $500,000 cash offer of Silverboard. The trial court adopted this recommendation and awarded the commissioners a fee of $25,000 based on 5% of the sale price.

1. The appellant in Case 37991, a 10% owner of the subject real estate, seeks to have this order approving the sale set aside, contending that the credit offer of $620,000 was the better offer.

A qualified real estate appraiser testified that the present value of the cash offer was greater than the credit offer, and both the commissioners and the trial court agreed. The trial court did not abuse its discretion in approving the sale.

2. The appellant in Case 37990 contends that the trial court erred in awarding the commissioners $25,000 in connection with the sale of the subject real estate. We agree.

There was no testimony as to time spent or services rendered in regard to the partition and sale of the property. The commissioners requested that their fee be based upon 6% of the purchase price, and the trial court awarded them a fee based on 5% of the purchase price of $500,000 ($25,000).

The appellant contends this fee is both excessive and erroneously based upon 5% of the purchase price. We agree the fee is erroneously based upon the purchase price. As the trial court will have to redetermine the fee in accordance with this opinion, we do not reach the question of whether the fee of $25,000 is excessive.

At common law, costs, including compensation for service rendered by officers of the court, were not recoverable. Therefore, acts providing for costs and salaries must be strictly construed. All officers charging costs must always show the authority of the law to do so. *Walton County v. Dean,* 23 Ga. App. 97, 98-99 (97 SE 561) (1918).

This court, in the case of *Robertson v. Smith,* 37 Ga. 604, 606 (1868), stated that when the law provides for costs to be allowed to an officer (the sheriff) but fails to prescribe the amount, the officer is entitled to *reasonable compensation.*

In a very similar case, the Supreme Court of North Carolina held that an award allowing commissioners, who had been appointed to sell land, compensation based upon 5% of the purchase price was erroneous. The court held that absent a prescribed statutory amount the commissioners should be awarded reasonable compensation. Smith v. Frazier, 119 N. C. 157 (25 SE 866) (1896).

The applicable code section here is Code Ann. § 85-1512 which allows the expenses or costs of the sale conducted under § 85-1511 to be deducted from the proceeds of the sale. This section does not prescribe the amount of costs to be awarded.

Since statutes allowing officers costs are to be strictly construed and since § 85-1512 does not prescribe the costs to be allowed, we find that the award by the trial court of $25,000 based on 5% of the purchase price was error. In the absence of a prescribed amount reasonable compensation should be allowed. The determination of reasonable compensation should be based upon the character of the work required, the time and service required, and other relevant and material circumstances. 36 Words and Phrases, "Reasonable Compensation", p. 470.

The order allowing a fee based on 5% of the purchase price is reversed, with direction to the superior court to determine a just and

reasonable compensation based on the labor, services, time, and expenses of the commissioners.

*Judgment affirmed in case no. 37991; reversed in case no. 37990. All the Justices concur.*

DECIDED DECEMBER 3, 1981.

*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellant (case no. 37990).

*Morton, Payne, Rachelson & Carroll, Ira L. Rachelson, Mitchell, Clarke, Pate, Anderson & Wimberly, John T. Brumby,* for appellees (case no. 37990).

*Ira L. Rachelson,* for appellant (case no. 37991).

*Max Olim,* for appellees (case no. 37991).