## 68427. JOHNSON v. THE STATE.

BIRDSONG, Judge.

Bobby Johnson was convicted of aggravated assault (by shooting another with a pistol) and carrying a pistol during the commission of a felony. He was sentenced to serve four years. He brings this appeal enumerating five asserted errors. *Held:*

1. In his first two enumerations of error, Johnson complains that the trial court erred in refusing to allow him to remain in local custody in Floyd County pending his appeal process and also in denying him supersedeas bond during the same time frame, thus lessening his ability to cooperate in and perfect his appeal. The trial court held a hearing on the motion for supersedeas and made necessary findings of fact and conclusions of law. While it may be possible to arrive at a different conclusion than that of the trial judge, we find ample evidence to support his conclusion that supersedeas bond should not be granted. Moreover, appellant lawfully was surrendered to the custody of the Department of Offender Rehabilitation following his conviction and sentence. The record in this case does not reflect any abuse of the broad discretion vested in the trial court in the denial of each of these motions. In the absence of a manifest abuse of the trial court's discretion, we have no reason or justification for substituting our judgment for that of the trial court. See *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286); *Allen v. State,* 137 Ga. App. 302, 304 (223 SE2d 495).

2. In enumeration of error 3, Johnson urges an insufficiency of the evidence to support the verdict and judgment of the court (at a non-jury trial).

Although the evidence was in conflict on the several issues presented to the fact finder (the trial court), it was for the finder of fact to resolve the disputed issues of fact. The trial court resolved the issue of guilt or innocence in favor of the State. There was substantial evidence adduced in support of each necessary finding. As an appellate court, we will not substitute our judgment for that of the trier of fact. *Glover v. State,* 237 Ga. 859, 860 (230 SE2d 293). We are satisfied that any rational trier of fact could have found proof of the essential elements of the crimes beyond a reasonable doubt. *Baldwin v.*

*State*, 153 Ga. App. 35, 37 (264 SE2d 528).

3. Johnson contends the trial court erred in allowing the State to introduce a lead bullet over an objection that the State had not honored a "Brady" motion.

We find no merit in this enumeration. When the bullet was introduced, counsel for Johnson urged on the record that he had written a letter to the court seeking the release of "scientific" evidence. No mention was made of a "Brady" motion. The trial court overruled the objection concluding that the State was not seeking to introduce any scientific evidence or tests (as indeed was true). The record itself gives no indication of the filing of any motions for discovery except that brief reference in the transcript. There was no error in the admission of this evidence. See *State v. Meminger*, 249 Ga. 561 (292 SE2d 681).

Inasmuch as the attempt to predicate the alleged error as a denial of "Brady" rights appears for the first time on appeal, this asserted ground of error comes too late and may not be raised for the first time on appeal. *Starr v. State*, 229 Ga. 181, 183 (190 SE2d 58); *Hughley v. State*, 144 Ga. App. 771 (1) (242 SE2d 367).

4. In his last enumeration of error, Johnson contends the trial court erred in allowing the State to impeach several of its witnesses by following the improper procedure to establish a prior inconsistent statement. We note that in each case the State argued surprise or entrapment and requested the right to lead a hostile witness or to show a prior inconsistent statement. Counsel for Johnson objected to the leading nature of the questions or that entrapment had not been shown. At no time did counsel specifically object to the actual procedure followed by the State in establishing the true nature of each witness' prior discussions with a police officer shortly after the shooting occurred. It is well settled in this state that while evidence may be subject to objection, yet if the only objection made is not upon an appropriate ground and thus not properly made, no reversible error is committed by the trial court in allowing the evidence to be submitted. *Williams v. State*, 238 Ga. 244 (2) (232 SE2d 238). This is particularly true where as in this case the evidence is relevant and useful in ascertaining the truth of the matter under investigation. We find no merit in this enumeration.

There being no merit in any of the enumerations submitted, we find no reason for reversal of this conviction.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 28, 1984.

*Clayton H. Hollingsworth, Jr.*, for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart, Assis-*

*tant District Attorney*, for appellee.