### 71211. HOLLOWAY v. THE STATE.
(342 SE2d 363)

POPE, Judge.

Lee Roy Holloway brings this appeal from his indictment, conviction and sentence of two counts of aggravated assault and one count of possession of a firearm in the commission of a felony. *Held*:

1. Construed most favorably to the State, the evidence of record is such that any rational trier of fact could have found appellant guilty as charged beyond a reasonable doubt. Accord *Johnson v. State*, 171 Ga. App. 410 (2) (319 SE2d 880) (1984). See also *Wiley v. State*, 250 Ga. 343 (6) (296 SE2d 714) (1982). The evidence did not demand a finding that appellant acted in self-defense or was justified in using force to prevent a forcible felony. See *Anderson v. State*, 245 Ga. 619 (1) (266 SE2d 221) (1980); *Young v. State*, 243 Ga. 546 (1) (255 SE2d 20) (1979); *Moore v. State*, 228 Ga. 662 (1) (187 SE2d 277)

(1972); *Shaw v. State,* 156 Ga. App. 73 (1) (274 SE2d 27) (1980).

2. We find no merit in appellant's assertion that the trial court erred in failing to charge, without any request therefor, on the use of force in defense of habitation and in defense of third parties. These charges are not applicable to the facts adduced at trial. See *Moore v. State,* supra at (7). See also *Davis v. State,* 158 Ga. App. 594 (2) (281 SE2d 344) (1981).

3. Appellant's final enumeration assigns error to the trial court's taxing of costs against him on the ground that the State produced no evidence to sustain the bill of costs at the hearing on the matter. Appellant's sentence, entered March 1, 1984, made no provision for the payment of costs. By petition filed March 12, 1984 the State moved for the imposition of costs totaling $2,910. Appellant answered the petition by filing a traverse thereto on April 25, 1984, denying any liability for costs and moving to dismiss the petition on constitutional grounds. Following a hearing on the matter the trial court first found OCGA § 17-11-1, which authorizes the imposition of costs in criminal cases, to be unconstitutional. Upon reconsideration of the matter, this order was vacated. On July 3, 1985 the trial court finally entered a judgment for costs against appellant in the amount of $2,700. The order denying appellant's motion for new trial had been filed on May 17, 1985.

Appellant does not challenge the timeliness of the trial court's imposition of costs in this matter, and it appears that such an objection would have no merit. See *Pound v. Faulkner,* 193 Ga. 413 (3) (18 SE2d 749) (1942). Also, as there is no evidence of record indicating that execution has yet been levied upon the property of appellant, the State's suggestion that appellant's challenge to the imposition of costs in this case must have been made by affidavit of illegality is likewise meritless. See OCGA § 9-13-120. Compare *State v. Everett,* 93 Ga. 575 (2) (20 SE 73) (1894); *Irvin v. State of Ga.,* 54 Ga. App. 480 (2) (188 SE 261) (1936). Rather, under the circumstances in this case, we view appellant's traverse to the State's petition as similar to a motion to retax the costs. See *Peters v. State,* 9 Ga. 109, 110 (1850); 20 CJS Costs, § 452. See also *Golden v. Newsome,* 174 Ga. App. 441 (330 SE2d 178) (1985), and cits. The State has raised no objection to the timeliness of appellant's traverse of its petition.

Having disposed of the foregoing procedural matters, we turn to the merits of this enumeration of error. At the hearing held by virtue of the State's petition and the traverse thereto, the State presented no evidence whatsoever in support of its motion, but apparently relied upon an unverified exhibit attached to its petition which purported to set forth an itemization of the costs incurred in the prosecution of this case. "The officer charging costs should always show the authority of the law to exact its payment from the pocket of the citi-

zen." *Peters v. State*, supra at 111. See also *Giddens v. State*, 156 Ga. App. 258 (4) (274 SE2d 595) (1980). The items for which the State sought reimbursement for its costs from appellant were jurors ($1,775), bailiffs ($360), witnesses ($460), and the court reporter ($315); the trial court's judgment for costs was the same as that requested by the State except that the cost for witnesses was reduced to $250. Assuming arguendo that the State is entitled to recoup these items as costs from appellant (see generally Ga. Const. 1983, Art. I, Sec. I, Par. XXIV; OCGA § 17-11-1), there is no evidence in the record which supports the trial court's determination of the amount assessed for each item. See generally OCGA §§ 15-5-21 (a); 15-12-7; 17-11-2. The State's total failure to offer any proof of the costs in this case requires reversal of the trial court's entry of judgment for costs. However, our decision here does not preclude the imposition of costs upon appellant in this case upon proper proof of same.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 25, 1986 —
REHEARING DENIED MARCH 7, 1986 —

*Philip C. Smith*, for appellant.
*Roger Queen, District Attorney*, for appellee.