## 74727. WALDEN v. THE STATE.
(364 SE2d 304)

CARLEY, Judge.

Appellant was convicted and sentenced for the offense of failure to yield the right-of-way. Thereafter, judgment was also entered against her for court costs in the amount of $382.20. This figure was an aggregate of the following elements: $100 for bailiffs; $150 for 6 jurors; $63 for witnesses; and, $69.[2]0 for services of the clerk of the trial court. Appellant appeals from the judgment for court costs.

1. "The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after trial and conviction. If convicted, judgment may be entered against the defendant for all costs accruing in the committing and trial courts *and* by any officer pending the prosecution. The judgment shall be a lien from the date of his arrest on all the property of the defendant. The clerk shall issue an execution on the judgment against the property." (Emphasis supplied.) OCGA § 17-11-1. There would appear to be two elements which comprise recoverable "costs" pursuant to OCGA § 17-11-1. There are those "costs accruing *in* the committing and trial courts" and, in addition, there are those "costs accruing . . . *by* any officer pending the prosecution." (Emphasis supplied.) If recoverable "costs" were *limited* to only those costs accruing by officers of the court, then witness fees would not be recoverable. However, witness fees are clearly recoverable from a convicted criminal defendant as "costs." See generally Brown v. State, 86 Ga. 375 (12 SE 649) (1890); State v. Everett, 93 Ga. 575 (20 SE 73) (1894). Thus, while recoverable "costs" can *include* fees of officers of the court, "costs" is not necessarily limited to that element of recovery. "The term 'costs,' as applied to proceedings in a Court of Justice, has, in the acceptation of the profession, and by the practice of all Courts in Georgia, a well understood meaning. It *includes* all charges, fixed by statute, as compensation for services rendered by officers of the Court in the progress of the cause." (Emphasis supplied.) Davis v. State, 33 Ga. 531, 533 (1) (1863).

Bailiffs are officers of the court. There is, "fixed by statute, [provision for the] compensation for services rendered by [bailiffs] in the progress of the cause." Davis v. State, supra at 533 (1). See OCGA §

15-12-7 (1). See also OCGA § 15-12-6 with regard to fees of *special* criminal bailiffs which is not applicable in this case. Compare *Peters v. State*, 9 Ga. 109 (1850), holding that there is no specific statutory authority for a sheriff to charge railroad fare or to charge for guarding the jail (see OCGA § 15-16-21 (c)) and that, therefore, fees for such services are not recoverable "costs"; *Walton County v. Dean*, 23 Ga. App. 97 (97 SE 561) (1918). Accordingly, regardless of whether the compensation of bailiffs is ultimately considered to be a "cost" accruing *in* the trial court or a "cost" accruing *by* an officer of the court, it is clear that such compensation may be a recoverable element of "costs" as against a convicted criminal defendant pursuant to OCGA § 17-11-1.

In this case, a sworn affidavit was filed on behalf of the State, indicating that two bailiffs had served in appellant's trial, for which services a combined total compensation of $100 had accrued as "costs." Compare *Peters v. State*, supra, wherein a charge submitted for "other expenses" was held to be too indefinite; *Holloway v. State*, 178 Ga. App. 141, 142 (3) (342 SE2d 363) (1986). Appellant made no attempt to show that two bailiffs had not served in her trial or that the total amount of $100 assessed as compensation for their services was excessive under OCGA § 15-12-7 (1). Her sole contention was that the State was not authorized to recover as "costs" pursuant to OCGA § 17-11-1 such compensation as had accrued to bailiffs under OCGA § 15-12-7 (1). That contention is without merit. There being nothing to contradict the sworn affidavit that the sum of $100 for two bailiffs was the proper amount assessable against appellant as "costs" pursuant to OCGA § 17-11-1, the trial court did not err in entering judgment against appellant in that amount.

2. As indicated, although witnesses are not officers of the court, the "costs" attributable to them are nevertheless recoverable pursuant to OCGA § 17-11-1, and appellant concedes this. See OCGA § 17-11-2; *Brown v. State*, supra; *State v. Everett*, supra. Compare *Peters v. State*, supra, and *Walton County v. Dean*, supra, both of which discuss the recoverability of the fees of court officers and not the recoverability of witness fees by a court officer. The $63 assessed against appellant as the "costs" of witnesses was based upon the affidavits filed by two witnesses in the case. One affidavit purported to be that of a lay witness and sought $14. The other affidavit purported to be that of a police officer and sought $49. With regard to the sum of $14 in "costs" assessed against appellant for the lay witness, the State concedes that the correct amount is $10 pursuant to OCGA § 24-10-24. Since appellant concedes that the authorized fee of a witness would be recoverable against her and since the State concedes that the authorized fee of the lay witness was $10 rather than $14, the trial court is hereby directed to write off $4 from the judgment.

With regard to the affidavit of the police officer, the State concedes that witness fees to on-duty officers would not be authorized. However, the State relies upon OCGA § 24-10-27 (a), which provides, in relevant part, that certain law enforcement officers who are subpoenaed to attend a criminal proceeding "as a witness on behalf of the state during any hours except the regular duty hours to which the officer is assigned, shall be paid for such attendance at a rate fixed by the court, but not less than the per diem paid grand jurors in the preceding term of the superior court of such county or $20.00 per diem, whichever is greater. The claim for the witness fees shall be endorsed on the subpoena showing the dates of attendance and stating that attendance was required during the hours other than the regular duty hours to which the claimant was assigned. The claimant shall verify this statement. The dates of attendance shall be certified by the judge or the prosecuting attorney of the court attended. *The [officers' superior] shall certify that the claimant has been paid no additional compensation nor given any time off on account of such service.*" (Emphasis supplied.) The affidavit which was submitted by the police officer in this case would not authorize the payment to him of a witness fee pursuant to OCGA § 24-10-27 (a). The officer did not in his affidavit verify that his attendance at appellant's trial was required during hours which were other than his regularly assigned duty hours. Even assuming that this particular deficiency might be cured if the trial court was authorized to find that the officer was off-duty when he testified at appellant's trial, there is still no certification from the officer's superior that the officer was neither paid additional compensation nor given time off on account of his service.

Since the State concedes that an on-duty officer would not be entitled to a witness fee and since the claim for the witness fee of $49 that was made by the officer in this case is not sufficient to show the applicability of OCGA § 24-10-27 (a), there was a failure of proof that such a witness fee had accrued. See *Holloway v. State*, supra at 142 (3). "All officers charging costs must always show the authority of the law to do so. [Cit.]" *Silverboard v. Iteld*, 248 Ga. 589, 590 (2) (285 SE2d 182) (1981). Accordingly, the trial court is hereby directed to write off the $49 from the judgment.

3. Jurors are not officers of the court. However, as indicated previously, recoverable "costs" are not limited to those accruing by officers of the court, but also include such costs as accrue *in* the trial court as the result of the prosecution. It is clear that jurors are entitled to an expense allowance under statute. See OCGA § 15-12-7 (2). Compare *Peters v. State*, supra, holding there to be no statutory authority for the sheriff to recover fees for certain enumerated acts. Since there is no dispute that a statutorily authorized expense allowance of $25 was incurred in the trial court for the services of each of

the six jurors who tried appellant's case, the trial court did not err in entering judgment against appellant for $150 as the recoverable "cost" of the jurors' services.

4. The remaining item of cost was for the services of the clerk of the trial court. Appellant concedes that the assessment in this regard is correct. Accordingly, that element of the judgment is affirmed.

5. For the reasons discussed in Division 2, the trial court erred in entering judgment in the amount of $63 for witness fees and is directed to write off a total of $53 from that amount. In all other respects, the judgment is affirmed.

*Judgment affirmed with direction. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Pope, J., concur. Banke, P. J., Sognier, Benham, and Beasley, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

While I concur with the majority's decision on the issues of witness fees and the fee for the services of the clerk of the trial court, my conviction that the fees for jurors and bailiffs are not recoverable from appellant requires that I dissent as to the affirmance of the portions of the judgment imposing those costs.

It has always been the law in this state that costs charged against litigants must be statutorily authorized. "The officer charging costs should always show the authority of the law to exact its payment from the pocket of the citizen." *Peters v. State*, 9 Ga. 109, 111 (1850). While it is true that there is a statute establishing compensation for bailiffs and jurors (OCGA § 15-12-7), that statute does not make that compensation taxable to litigants. It was noted in *Chambers v. State*, 22 Ga. App. 748, 752 (97 SE2d 256) (1918), that there is a statute which "provides for the fixing of [bailiffs'] compensation [cit.], in the same manner as the pay of jurors. It is certainly contemplated that they shall be paid out of the county treasury. The paying of court bailiffs is in other words a legal charge against the county." I find applicable to the charges in this case for the services of bailiffs and jurors the same holding by which the Supreme Court disallowed part of the costs in *Peters*, supra: "We are not aware of any *fee bill*, regulated by Statute, which authorizes such a charge to be made against a defendant; and those who charge costs, and exact its payment, as before remarked, must show the *authority of the law* to do so."

The majority's reliance on *Davis v. State*, 33 Ga. 531, 533 (1863), ignores the word "charges" in that case's definition of costs. When that word is considered with the rest of the definition, it is clear that "costs" is not so broad as to include the compensation of every officer of the court, only those compensations which are by statute *chargeable* to a litigant. The logical extension of the majority's position would require that unsuccessful litigants bear a proportionate share of all

the costs of maintaining a judicial system. If litigants are to pay for the compensation of bailiffs and jurors, should they not pay a pro rata share of the compensation of the salary of the clerk of the court, of the judge, of the solicitor, of the janitorial staff whose efforts are necessary to keep the court facilities operational? They should not, for the same reasons set out in *Peters*: those are charges the county is required to bear, not the litigants.

I am authorized to state that Presiding Judge Banke and Judge Sognier join in this opinion.

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent, but only in connection with that portion of Division 1 regarding the cost for bailiffs.

The court assessed $100 for "bailiff." The court services director's affidavit states that the cost was for two bailiffs for one day at $50 per day, which is their *compensation* as set by OCGA § 15-12-7 (1). The bailiffs were apparently deputy sheriffs, and the only fee statutorily authorized for the service performed was the $10 for "service in every criminal case before a judge or a judge and jury" as provided in OCGA § 15-16-21 (c) (10). Appellant concedes that this amount, a total of $20, would be due. That is correct, and the dispute about the difference of $80 should be resolved against the state. Even if OCGA § 15-12-7 (1) applies, the state did not show that the bailiffs served all day in this case.

DECIDED DECEMBER 4, 1987 —
REHEARING DENIED DECEMBER 18, 1987 — 

*Larry W. Yarbrough*, for appellant.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Philip Goldstein, Assistant Solicitors*, for appellee.