## 75894. GIBSON v. THE STATE.
(371 SE2d 413)

BANKE, Presiding Judge.

Gibson filed this appeal from the denial of her motion for new trial after being found guilty of the offenses of driving with an improper tag, driving without a license, and driving without an emissions control sticker.

The appellant's car was stopped by the Cobb County police because it bore a license plate which read as follows: "JUSTICE TOWNSHIP, COMMON-LAW MUNICIPALITY, SOUTH CAROLINA, PERMANENT, 58." The officer asked the appellant for her driver's license and for proof of insurance and placed her under arrest when she refused either to comply with this request or to identify herself. It was shown that her vehicle did not have the required emissions control sticker. *Held*:

1. The appellant contends that the accusation was void because it was not "signed by the prosecuting attorney of the court" in accordance with OCGA § 17-7-71 (a) but was signed by an assistant solicitor with the solicitor's name. Pretermitting whether this challenge to the accusation was timely raised in the court below, see OCGA § 17-7-111, we conclude that it is without merit. The Legislature has specified that "[a]ll prosecutions in criminal cases instituted in the State Court of Cobb County shall be by written accusation made by the solicitor *or assistant solicitor. . . .*" (Emphasis supplied.) Ga. Laws 1964, pp. 3211, 3216. The Legislature has further provided that "[i]t shall be within the sole authority of the [Cobb County] solicitor to prescribe the duties and assignments of the assistant solicitors." Ga. Laws, 1986, pp. 5065, 5066. Pursuant to these statutes, we must presume, in the absence of a contrary showing, that the assistant solicitor was authorized to sign the solicitor's name to the accusation. We note that this court has previously upheld the validity of an accusation which contained no actual signature whatever in the space provided therefor but only the solicitor's typewritten name. *Hardeman v. State*, 147 Ga. App. 120 (1) (248 SE2d 189) (1978). The appellant's reliance on *Cook v. Walker*, 161 Ga. 551 (131 SE 288) (1926), is misplaced, as in that case the space on the accusation where the solicitor's signature should have appeared was left completely blank.

2. The appellant was issued a uniform traffic citation at the time of her arrest, specifying as follows: "Resident has 30 days to obtain tag in violation of Section 40-2-90." Subsequently, a formal accusation was filed pursuant to OCGA § 17-7-71, charging her, in Count 1, as follows: "Driving with improper tag, to wit: Did being a resident of the state for a period of 30 days or more operate a motor vehicle in this state without first obtaining a license plate to operate same." The appellant contends that the trial court erred in denying her motion

for a directed verdict of acquittal with respect to this charge because the state failed to prove the allegation that she had been a resident of Georgia for 30 days prior to her arrest.

The statute under which the appellant was convicted was quite clearly OCGA § 40-2-8 (a), which contains no residency requirement but applies by its terms to "[a]ny person owning or operating any vehicle described in Code Section 40-2-20." Although OCGA § 40-2-90 exempts certain vehicles owned by nonresidents from the requirements of §§ 40-2-8 (a) and 40-2-20 where such vehicles are registered in another state and have not been used in this state for more than 30 days, it is not contended that such an exemption is applicable in the present case. Consequently, we conclude that the allegation that the appellant had resided in this state for a period of 30 days or more was mere surplusage. There having been no showing as to how the presence of this extraneous allegation could have impeded the appellant's ability to prepare a defense or how it could possibly result in her being subjected to a subsequent prosecution based on the same conduct, we further conclude that the failure to prove the allegation did not constitute a fatal variance. See *Shackelford v. State*, 179 Ga. App. 595 (347 SE2d 346) (1986). See also *DePalma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969). As the evidence introduced at trial established without dispute that the appellant was operating an unregistered motor vehicle on the public streets of this state in violation of OCGA § 40-2-8 (a), we consequently hold that her motion for a directed verdict of acquittal on this count of the accusation was properly denied.

3. The appellant contends that the state impermissibly placed her character in issue in violation of OCGA § 24-2-2 when, during direct examination by the state, one of the arresting officers characterized the arrest as a "felony stop" and went on to explain this characterization as follows: "We did that because of some previous knowledge from school that I have had for certain types of stops of this nature. The type of tag displayed on this automobile that we are looking for is common to people who are tax evaders."

The trial court admitted this testimony over the appellant's objection for the limited purpose of showing the officer's state of mind upon approaching the vehicle. The officer subsequently testified that he had received no information prior to the arrest concerning the appellant's character or reputation and that he had no reason to believe that she was dangerous. It was thus made clear to the jury that this line of questioning was not intended to imply any prior misconduct on the part of the appellant but merely to establish the police procedures applicable to the stop of any vehicle under similar circumstances. Even assuming arguendo that the admission of the testimony was improper under these circumstances, we can perceive no reasona-

ble possibility that it contributed to the verdict in the context of the undisputed facts of this case. See generally *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966).

4. During the course of their deliberations, the jury inquired of the court whether the failure to produce a driver's license upon request by a police officer constituted the offense of driving without a license. See OCGA § 40-5-20. In response, the trial court supplemented his original jury instructions with a charge on OCGA § 40-5-29, as follows: "[E]very licensee shall have his driver's license in his immediate possession at all times when operating a motor vehicle. Every licensee shall display his license upon the demand of a law enforcement officer. A refusal to comply with such demand may give rise to an inference of a violation of Code Section 40-5-20."

The appellant contends that this supplemental charge injected an extraneous matter into the case and was therefore erroneous. We disagree. The instruction was a correct statement of the law and was adjusted to the evidence. See generally *Parks v. State*, 180 Ga. App. 31 (5) (348 SE2d 481) (1986). This enumeration of error is without merit.

5. From the evidence presented at trial, a rational trier of fact could reasonably have found the appellant guilty of each of the offenses charged beyond a reasonable doubt. Accordingly, her motion for new trial on the general grounds was properly denied. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. The appellant enumerates as error the trial court's grant of the state's petition for an assessment of the costs of prosecution against her pursuant to OCGA § 17-11-1, contending that this Code section does not apply to misdemeanor prosecutions. This issue was recently decided adversely to the appellant in *Walden v. State*, 185 Ga. App. 413 (364 SE2d 304) (1987) (cert. granted). To the extent that the appellant complains of the *amount* of the costs assessed against her, we are unable to address the merits of this enumeration of error due to the absence of a transcript of the evidence presented on the state's motion. "[A]bsent a transcript, we must assume the ruling of the trial court is supported by the evidence." *Sheriff v. State*, 184 Ga. App. 180 (361 SE2d 53) (1987).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 1, 1988 —
REHEARING DENIED JULY 11, 1988 — 

*Thomas E. Fortenberry*, for appellant.
*Patrick H. Head, Solicitor, Melodie H. Clayton, Benjamin M.*

*First, Assistant Solicitors*, for appellee.