**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 1, 2024**

# In the Court of Appeals of Georgia

A24A0650. BROMAGHIM v. LIGON et al.

MILLER, Presiding Judge.

Stephanie Lynn Bromaghim filed the instant personal injury action against Lee Ann Ligon and Dan Siler in Lumpkin County Superior Court. The case was called for trial, but when the jury was about to be empaneled, Bromaghim voluntarily dismissed the case without prejudice. Shortly thereafter, the trial court issued an order assessing against Bromaghim $1,750 in costs for juror attendance and $300 in costs for bailiff attendance. Bromaghim filed a motion for reconsideration, which the trial court denied. Bromaghim then filed this appeal. We conclude that the trial court could not assess the costs at issue in the absence of specific statutory authorization to do so. Accordingly, we reverse the order of costs.

1. On appeal, Bromaghim first argues that her voluntary dismissal of the case deprived the trial court of jurisdiction to assess costs against her.[1] We disagree.

"Absent a pending counterclaim, a party may dismiss an action without prejudice by filing a written notice of dismissal at any time before the first witness is sworn. See OCGA § 9-11-41 (a) (1) (A) (2), (3)." *Baker v. Atlantic States Ins. Co.*, 354 Ga. App. 773, 775 (840 SE2d 734) (2020). "A dismissal generally deprives the trial court of jurisdiction to take further action in a case, and any subsequent order is null and void because the trial court has lost jurisdiction over the case, which is no longer pending before it." (Citation and punctuation omitted.) Id.

However, OCGA § 9-15-11 provides in relevant part that "[w]hen a case is disposed of, the costs, including fees of witnesses, shall be included in the judgment against the party voluntarily dismissing, being involuntarily dismissed, or cast in the action." Hence, OCGA § 9-15-11 clearly provides a trial court with jurisdiction to assess the costs of a case against a plaintiff upon her voluntary dismissal of the case. "[I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." (Citation omitted.)

---

[1] Ligon and Siler have not filed an appellate brief.

*Mayor & Aldermen of the City of Garden City v. Harris*, 302 Ga. 853, 855 (809 SE2d 806) (2018). OCGA § 9-15-1 further supports a trial court's jurisdiction to assess costs upon a plaintiff's voluntary dismissal, providing that "[i]n all civil cases in any of the courts of this state, except as otherwise provided, the party who dismisses, loses, or is cast in the action shall be liable for the costs thereof." Accordingly, the trial court had jurisdiction to assess court costs against Bromaghim upon her voluntary dismissal. See *Oseni v. Hambrick*, 207 Ga. App. 166 (427 SE2d 559) (1993) (where the plaintiffs dismissed their case and the trial court entered an order directing them to pay all court costs and warning that failure to do so would result in dismissal of any later attempt to refile the action, this Court upheld the trial court's dismissal of the plaintiffs' renewal action based on their failure to pay costs).

2. Bromaghim also argues that the assessment of costs for juror and bailiff attendance was improper because it was not specifically authorized by statute or other authority. We agree.

"Costs" under OCGA § 9-15-11 "are generally limited to those charges, fixed by statute, as compensation for services rendered by officers of the [c]ourt in the progress of the cause." (Citations and punctuation omitted.) *Copeland v. Home Grown*

*Music, Inc.*, 358 Ga. App. 743, 754 (4) (856 SE2d 325) (2021). "At common law, costs, including compensation for service rendered by officers of the court, were not recoverable. Therefore, acts providing for costs and salaries must be strictly construed. All officers charging costs must always show the authority of the law to do so." *Silverboard v. Iteld*, 248 Ga. 589, 590 (2) (285 SE2d 182) (1981). Therefore, "[i]n the absence of statutory authorization, no right to or liability for costs exists." (Citation omitted.) *Walton County v. Dean*, 23 Ga. App. 97, 99 (97 SE 561) (1918).[2]

---

[2] We note that subsection (a) of Georgia's renewal statute provides in pertinent part:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41[.]

OCGA § 9-2-61 (a). Additionally, OCGA § 9-11-41 (d) requires that before refiling a previously dismissed action, a plaintiff must pay "the court costs" in the first suit. This Court has explained that the renewal statute "is remedial in nature" and that "the definition of court costs in this context should be confined to those costs actually due and owing the court, such as filing fees or jury impaneling fees." *Prison Health Svcs., Inc. v. Mitchell*, 256 Ga. App. 537, 539 (568 SE2d 741) (2002).

In *Walden v. State*, 185 Ga. App. 413, 413-414 (1), 415-416 (3) (364 SE2d 304) (1987), this Court ruled that a convicted criminal defendant could be assessed costs for bailiffs and jurors, reasoning that (1) OCGA § 17-11-1 allows judgment against a criminal defendant "for all costs accruing in the committing and trial courts and by any officer pending the prosecution," (2) bailiffs are officers of the court, and OCGA § 15-12-7 provides for the compensation for services rendered by bailiffs, and (3) while jurors are not officers of the court, jurors are entitled to an expense allowance under OCGA § 15-2-7. Judge Benham wrote a dissent stating that "[w]hile . . . there is a statute establishing compensation for bailiffs and jurors, that statute does not make that compensation taxable to litigants." (Citation omitted.) Id. at 416. The Supreme Court of Georgia reversed this Court's ruling, agreeing with Judge Benham and explaining that (1) there are no statutes specifically authorizing charging criminal defendants with the fees for jurors and bailiffs, and (2) allowing such costs to be assessed against criminal defendants "would require that unsuccessful litigants bear a proportionate share of all the costs of maintaining a judicial system." (Citation omitted.) *Walden v. State*, 258 Ga. 503, 503-504 (371 SE2d 852) (1988).

Here, we conclude that the trial court could not assess costs for juror and bailiff attendance against Bromaghim because there was no specific statutory authorization to do so. As recognized by the Supreme Court's holding in *Walden*, supra, 258 Ga. 503, the provisions in OCGA § 15-12-7 for compensation of jurors and bailiffs do not make such costs taxable to litigants. And apart from Uniform Superior Court Rule 12 ("USCR 12"), which, as discussed below, does not apply here, no other statute or authority makes such costs taxable to litigants in civil cases. See *Smith v. State*, 272 Ga. 83, 84 (526 SE2d 59) (2000) (trial court could not assess against convicted criminal defendant costs of lodging and airfare for out-of-state witnesses, where there was "no specific statutory authorization" to do so); *Copeland*, supra, 358 Ga. App. at 753-754 (4) (while trial court could assess costs for filing fees under OCGA § 9-15-11, it could not assess costs for court reporter fees, courier fees, and the costs of exhibit boards).

Furthermore, although USCR 12 generally provides that if a civil case is voluntarily dismissed "after the trial jury has been empaneled, all court costs including juror fees incurred for all panels from which the trial jury was selected shall be taxed against the dismissing party," Bromaghim dismissed her case before a jury

was empaneled. Thus, USCR 12 did not authorize the trial court to assess the costs of juror attendance against her. Cf. *Oseni*, supra, 207 Ga. App. at 166-167 (upholding requirement that plaintiffs pay a jury empaneling fee where they dismissed their case after a jury was empaneled and sworn); *Kroger Co. v. Michaels*, 183 Ga. App. 626 (359 SE2d 698) (1987) (physical precedent only) (USCR 12 applied where plaintiff dismissed her case after a jury trial).

Accordingly, we reverse the trial court's order assessing the costs of juror and bailiff attendance against Bromaghim.

*Judgment reversed. Markle and Land, JJ., concur.*